```
                    IN THE UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| HENRY WATKINS, : <br>         Plaintiff, : <br>         v. : <br> PENNSYLVANIA BOARD OF : <br> PROBATION & PAROLE, : <br> EDWARD JONES, and MICHAEL BUKATA : <br>         Defendants. : | NO.  02-CV-2881 |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT
OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

    Defendants, Pennsylvania Board of Probation and Parole (the "Board"), Willie E. Jones (improperly pled as Edward Jones)("Mr. Jones"), and Michael Bukata ("Mr. Bukata") by their attorneys, respectfully submit this Reply Memorandum of Law In Further Support Of Their Motion to Dismiss Plaintiff's Amended Complaint.

I.  PRELIMINARY STATEMENT

    Plaintiff's opposition to Defendants' Motion to Dismiss underscores the fact that this case involves ordinary workplace issues like insufficient resources, performance reviews and unfair workloads. Plaintiff attempts to convert these common issues into grand conspiracies and civil rights violations by conclusory allegations concerning a seven (7) year old settlement agreements and pending litigation conveniently brought by Plaintiff's lawyer.

Plaintiff's efforts fail because he has not and cannot satisfy the basic pleading requirements of his claims. Accordingly, Plaintiff's claims should be dismissed with prejudice.

II. <u>LEGAL ARGUMENT</u>

    A. <u>Mr. Watkins' Emotional Distress Claims Fail As A Matter of Law.</u>

Mr. Watkins concedes that the Board, and Mr. Jones and Mr. Bukata, acting within the scope of their duties, enjoy sovereign immunity against his emotional distress claims. Nevertheless, based on <u>Lapides v. Board of Regents of the University of Georgia</u>, 122 S. Ct. 1640 (2002), Mr. Watkins incorrectly contends that the Defendants waived that immunity by removing this case to this Court.

<u>Lapides</u> concerned only 11th Amendment immunity and not sovereign immunity. Thus, Mr. Watkins' emotional distress claims against the Board and Mr. Jones and Mr. Bukata, acting within the scope of their duties, must be dismissed with prejudice on sovereign immunity grounds.[1] See <u>Burton v. Pa. Board of Probation and Parole</u>, Civ. Action No. 01-2573 (E.D.Pa. June 13, 2002) (Judge

---

[1] The Supreme Court in <u>Lapides</u> limited its holding "to the context of state-law claims, in respect to which the State has explicitly waived immunity from state court proceedings." <u>Lapides</u>, 122 S. Ct. at 1641. Pennsylvania has not waived sovereign immunity as to the emotional distress claims raised by Mr. Watkins. <u>See</u> 1 Pa. C.S. § 2310, 42 Pa. C.S. § 8521. Accordingly, <u>Lapides</u> is arguably inapplicable to the instant matter. Thus, Defendants did not waive sovereign immunity.

Reed) (dismissing same claims on sovereign immunity grounds)(Exhibit A).

Further, immunity aside, Mr. Watkins cannot sustain his emotional distress claims because he has not alleged any physical harm. Mr. Watkins does not dispute that physical harm is a required element of these claims.

Thus, Mr. Watkins' emotional distress claims should be dismissed with prejudice against all Defendants.

B.  Mr. Watkins' Conspiracy Claim Fails As A Matter of Law

In his memorandum, but not in his Complaint, Mr. Watkins asserts that his conspiracy claim is brought under Pennsylvania common law. See Plaintiff's Memorandum at 15, n.2. Because common law conspiracy is an intentional tort, the Board, and Mr. Jones and Mr. Bukata, acting within the scope of their duties, enjoy sovereign immunity against it. The sovereign immunity statute does not provide an exception for conspiracy claims. See 1 Pa. C.S. § 2310, 42 Pa. C.S. § 8521. Thus, Mr. Watkins' conspiracy claim must be dismissed with prejudice against the Board, and Mr. Jones and Mr. Bukata, acting within the scope of their duties.

Immunity aside, Mr. Watkins' conspiracy claim fails as a matter of law because it is based on separate or unrelated acts for which there was no agreement.

First, Mr. Watkins contends that Mr. Bukata assigned him too many cases, did not supervise him well and refused to give him clerical help. There is no allegation or reference to any action by Mr. Jones or any other Board employee participating, facilitating or agreeing to the actions Mr. Watkins concedes were taken by Mr. Bukata alone.

Second, Mr. Watkins claims that Mr. Bukata gave him unfair performance evaluations and that Mr. Jones and the Board on separate occasions unjustifiably ignored Mr. Watkins' opposition to those evaluations. There is no allegation that any Defendant, other than Mr. Bukata, prepared the evaluations or had any involvement with them at all. Thus, those evaluations, the alleged unlawful act, cannot support Mr. Watkins' claim because they were prepared by Mr. Bukata alone.

Accordingly, Mr. Watkins' conspiracy claim should be dismissed with prejudice against all Defendants.

C.  Mr. Watkins' Section 1981 Claims Against the Board Fail as a Matter of Law

Plaintiff's Section 1981 claim fails because: (1) Section 1983 remains the exclusive remedy against a state for violation of rights guaranteed by Section 1981, despite the changes to Section 1981 by the Civil Rights Act of 1991; and (2) Mr. Watkins has not

alleged a constitutional violation by a custom or policy officially adopted by the Board.

      1.    The Civil Rights Act of 1991 Did Not Abrogate the Supreme Court's Ruling in Jett v. Dallas Independent School District

Mr. Watkins concedes that this Court has refused to find that the Civil Rights Act of 1991 abrogated Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989). Nevertheless, he contends that this Court should adopt the Ninth Circuit's decision in Federation of African American Contractors v. City of Oakland, 96 F.3d 1204 (9th Cir. 1996). This Court rejected the Oakland court's reasoning and followed the Fourth, Eighth and Eleventh Circuits rulings. See Poli v. SEPTA, No. Civ. A. 97-6766, 1998 WL 405052, at *12, (E.D. Pa. July 7, 1998)("[T]he Court finds that the 1991 Amendments do not abrogate the holdings of Jett, that section 1983 is the exclusive remedy for section 1981 claims against municipal entities, and that direct claims under section 1981 cannot be brought against municipal entities."). Accordingly, it is respectfully requested that this Court find that, based on Jett, Mr. Watkins cannot assert a Section 1981 claim against the Board.

      2.    Even Assuming Section 1981 Liability, Mr. Watkins Has Not Alleged a Violation by the Execution of an Officially Adopted Board Policy or Custom

Mr. Watkins cannot sustain his Section 1981 claim because he has not alleged that Defendants implemented and executed an officially adopted custom or policy of discrimination. See Monell

v. Dept. of Social Services, 436 U.S. 658, 690 (1978)(municipal entities can be sued directly under § 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.")(emphasis added). Moreover, conclusory allegations that Defendants executed a custom or policy of discrimination, and settlement agreements and pending litigation that do not concern Mr. Watkins' underlying complaint, do not satisfy the basic pleading elements of that claim. See Colburn v. Upper Darby Township, 838 F.2d 663, 672 (3d. Cir. 1988), cert. denied 489 U.S. 1065 (1989)(mere allegation that defendants engaged in a custom of providing inadequate supervision and monitoring of plaintiffs' jail cells would not meet "modicum of factual specificity" requirement in civil rights cases). Thus, Mr. Watkins' Section 1981 claim on its own or through Section 1983 fails as a matter of law. Accordingly, this claim should be dismissed with prejudice against all Defendants.

    D.   Mr. Watkins' Title VII Claim Fails as a Matter of Law
        1.   Hostile Work Environment Claim

Mr. Watkins' hostile work environment claim fails because (1) purported settlement agreements made seven (7) years ago; (2) pending litigation conveniently brought by the same lawyer that do not concern him or his complaints; and (3) employment evaluations

reflecting perceived poor work performance and assignment of cases and employees to Mr. Watkins' supervision, do not do not satisfy the basic pleading elements of that claim. See Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993)(defining a hostile work environment as one permeated with discriminatory intimidation, ridicule and insult that alter conditions of the plaintiff's employment and create an abusive environment). Accordingly, Mr. Watkins' hostile work environment claim fails as a matter of law.

### 2. Retaliation Claim

Mr. Watkins' retaliation claim fails because he cannot establish a causal connection between alleged adverse employment activities that occurred between four (4) and seven (7) years after his settlement of a prior discrimination suit against the Board. Nor can Mr. Watkins establish a causal connection between his December 2000 grievance when the alleged adverse employment activities either occurred before or formed the basis of that complaint, or occurred eight (8) months later when his employment with the Board was terminated. Accordingly, Mr. Watkins' retaliation claim fails as a matter of law.

### E.  Mr. Jones and Mr. Bukata Cannot Be Held Individually Liable Under Title VII

Mr. Watkins concedes that Mr. Jones and Mr. Bukata cannot be held liable under Title VII in their individual capacities. Nevertheless, Mr. Watkins erroneously interprets Sheridan v. E.I.

7

Dupont De Nemours and Co., 100 F.3d 1061 (3d Cir. 1996), for the assertion that individual defendants may be held liable under Title VII in their official capacities. Instead, the Third Circuit in Sheridan noted that the clear majority of courts of appeals have held that individual employees cannot be held liable under Title VII in any capacity. Sheridan, 100 F.3d at 1077 (minority permitting liability in an employee's official capacity only). See Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995); Tomka v. Seiler Corp., 66 F.3d 1295, 1313-17 (2d Cir. 1995), abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998); Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995), cert. denied, 516 U.S. 1011; Grant v. Lone Star Co., 21 F.3d 649, 652-53 (5th Cir. 1994), cert. denied, 513 U.S. 1015; Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993), cert. denied, 510 U.S. 1109. The court likewise noted that "[o]ther [circuits] appear to lean in that direction." Sheridan, 100 F.3d at 1077. See e.g., Lenhardt v. Basic Inst. of Technology, Inc., 55 F.3d 377, 380-81 (8th Cir. 1995)(interpreting parallel state statute to preclude employee liability); Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 & n.1 (4th Cir. 1994)(deciding issue under ADEA as to "personnel decisions of a plainly delegable character"), cert. denied, 513 U.S. 1058.

Additionally, the court determined that Congress did not intend to hold individuals liable under Title VII when it amended the statute in 1991, basing its reasoning on Congress' similar

exclusion of businesses with fewer than 15 employees from Title VII liability.  <u>Sheridan</u>, 100 F.3d at 1077 ("It is reasonable to infer that Congress's concern [for small businesses] applies as well to individuals.").  For these reasons, the court upheld the district court's dismissal of plaintiff's Title VII sex and race discrimination claims against defendant's individually named employees.  <u>Id.</u> at 1078.  Accordingly, Mr. Watkins' Title VII claims against Mr. Bukata and Mr. Jones should be dismissed with prejudice.

    F.   <u>Mr. Bukata and Mr. Jones Are Entitled to Qualified Immunity as Individual Employees</u>

The actions in which Mr. Bukata allegedly engaged embody supervisory employment decisions made with regard to (1) Mr. Watkins' perceived poor work performance; and (2) assignment of cases and employees to Mr. Watkins' supervision.  In making such supervisory decisions, Mr. Bukata could not have reasonably known that Mr. Watkins' rights were being violated.  Further, by alleging only that Mr. Jones concurred with Mr. Bukata's supervisory decisions, Mr. Watkins fails to allege activities in which Mr. Jones engaged and should reasonably have known of any violation.  Accordingly, Mr. Jones and Mr. Bukata are entitled to qualified immunity.

                Respectfully submitted,

                MILLER, ALFANO & RASPANTI, P.C.

By: _____
    GINO J. BENEDETTI, ESQUIRE
    JENNIFER A. PARDA, ESQUIRE
    Attorney I.D. Nos. 59584 and 88448
    1818 Market Street, Suite 3402
    Philadelphia, PA 19103
    (215) 972-6400

    Attorneys for Defendants,
    Pennsylvania Board of Probation
    and Parole, Edward Jones,
    and Michael Bukata

Dated:

F:\PBL\JAP\PAParoleBoard\Watkins\ReplyMotionDismiss.pld.wpd

**CERTIFICATE OF SERVICE**

_____I hereby certify that a true and correct copy of the foregoing pleading, Defendants' Reply Memorandum of Law in Further Support of Their Motion for to Dismiss Plaintiff's Amended Complaint has been served on this date upon the individual and in the manner indicated below:

**VIA HAND DELIVERY**

_____          Robert J. Sugarman, Esquire
                    Debbie L. Goldberg, Esquire
                    Sugarman & Associates, PC
                    Robert Morris Building
                    100 N. 17th Street, 11th floor
                    Philadelphia, PA 19103-2737

                    Attorneys for Plaintiff,
                    Henry Watkins



                                By: _____
                                    Jennifer A. Parda, Esquire
                                    Attorney No. 88448
                                    1818 Market Street, Suite 3402
                                    Philadelphia, PA 19103
                                    (215) 964-7200

                                    Attorney for Defendants,
                                    Pennsylvania Board of
                                    Probation and Parole, Edward Jones,
                                    and Michael Bukata

Dated:
F:\PBL\JAP\PAParoleBoard\Watkins\ReplyMotionDismiss.pld.wpd