IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

HENRY WATKINS                         :
                                      :
        Plaintiff,                    :
                                      :
        v.                            :    NO. 02-CV-2881
                                      :
PENNSYLVANIA BOARD OF PROBATION       :
& PAROLE, EDWARD JONES, AND           :
MICHAEL BUKATA                        :
                                      :
        Defendants.                   :
_____

## PLAINTIFF S SUR-REPLY TO DEFENDANTS  REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

Plaintiff respectfully submits this Sur-Reply Memorandum of Law in response to new arguments in defendants  Reply Memorandum of Law.  This brief Sur-Reply in no way implies that plaintiff agrees with the aspects of defendants  Reply Brief not addressed here.  However, several arguments are new and require reply.

ARGUMENT

### I.    PLAINTIFF S EMOTIONAL DISTRESS CLAIMS ARE SUFFICIENT

Without addressing the case law cited by plaintiff, defendants argue that plaintiff must allege physical harm at this stage of the proceedings, and defendants further contend that plaintiff concedes this point.  (Defs R.Mem. at 3).  To the contrary, plaintiff is not required to allege physical harm at this stage.  Hudson v. Brandywine Hospital, 1999 WL 1240956

(E.D.Pa. Dec. 16, 1999) (  The allegation in the Amended Complaint
that [plaintiff] suffered emotional distress as a result of
[defendant]'s tortious conduct, (Am.Compl.¶ 49), is sufficient at
this time to support her cause of action   for intentional
infliction of emotional distress); Minisalco v. Gordon, 916
F.Supp. 478, 481 (E.D.Pa. 1996).  At the summary judgment stage,
of course, competent medical evidence may be required.  Hudson,
1999 WL 1240956.

    Accordingly, defendants   Motion to Dismiss should be denied.

## II.  PLAINTIFF  S 1981 CLAIM IS SUFFICIENT.

    Defendants erroneously contend that plaintiff concedes that
this Court has refused to find that the Civil Rights Act of 1991
abrogated Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989)
(Defs   R.Mem. at 5).  Defendants once again misuseJett, as they
did in their main brief, and as plaintiff pointed out in his
responsive brief.  Jett is a non-practice, non-Monell case.  Jett
is not this case.  Jett specifically upholds the availability of
Section 1981 in   Monell   cases, and only rejected it for
respondeat superior liability.  See Jackson v. Coatesville Areas
School District, 2000 WL 1185375 (E.D.Pa. Aug. 21, 2000) (Dubois,
J.).

    Defendants also erroneously contend that plaintiff must
allege an official board policy or custom. (Defs   R.Mem. at 5-

6).  However,   Even in the absence of formal policymaking, an

   official policy   may be inferred   from informal acts or

omissions of supervisory municipal officials ...   Colburn v.

Upper Darby Township, 838 F.2d 663, 671 (3d Cir. 1988).

     Accordingly, because Section 1983 is not the exclusive

remedy against the state or state actors and plaintiff has

alleged a custom and policy, defendants   Motion to Dismiss should

be denied.

**III. DEFENDANTS JONES AND BUKATA MAY BE HELD INDIVIDUALLY LIABLE UNDER TITLE VII.**

     Defendants erroneously contend that individuals may never be

held liable under Title VII.  Individual defendants may be held

liable under Title VII in their official capacities.  Burton v.

Pennsylvania Board of Probation & Parole, et al., No. 02-2573

(E.D.Pa. June 13, 2002) (Reed, S.J.) (citing In re Montgomery

County, 215 F.3d 367, 372-73 (3d Cir. 2000), cert. denied, 531

U.S. 1126 (2001)) (See D. Ex. A).

     Defendants argue that individual employees should not be

held liable for the same reason that employees with fewer than

fifteen employees should not be held liable.  (Defs   Mem. at 8-

9).  Under that rationale, individual employees are not held

liable in their personal capacities.  However, where individual

employees are sued in their official capacities, and their

employer takes on the representation on their behalf, the same rationale clearly does not apply.

Moreover, all of the cases (from other circuits) cited by defendants for the proposition that individual employees may not be held liable deal with the liability of individual defendants in their personal capacities, not official capacities. <u>See</u> <u>Williams v. Banning</u>, 72 F.3d 552 (7th 1995); <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295 (2d Cir. 1995); <u>Gary v. Long</u>, 59 F.3d 1391 (D.C. Cir. 1995), <u>cert denied</u>, 516 U.S. 1011; <u>Grant v. Lone Star Co.</u>, 21 F.3d 649 (5th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1015; <u>Miller v. Maxwell's Int'l Inc.</u>,991 F.2d 583 (9th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1109.

Accordingly, plaintiff's Title VII claims against defendants Bukata and Jones should not be dismissed.

<u>CONCLUSION</u>

For the foregoing reasons and the reasons set forth in plaintiff's Main Brief, defendants' Motion to Dismiss should be denied.  In the alternative, plaintiff requests leave to amend to further specify facts in any area deemed inadequately pled.

Respectfully submitted,

_____

ROBERT J. SUGARMAN
DEBBIE L. GOLDBERG
Counsel for Plaintiff

```
OF COUNSEL:
SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA  19103
215-864-2500
```

Dated: September 16, 2002