IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY WATKINS, : | |
| : | NO. 02-CV-2881 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PENNSYLVANIA BOARD OF : | |
| PROBATION & PAROLE, : | |
| EDWARD JONES, and MICHAEL BUKATA : | |
| : | |
| Defendants. : | |

**DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR
MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)**

Defendants, Pennsylvania Board of Probation and Parole (the "Board"), Willie E. Jones (improperly pled as Edward Jones)("Mr. Jones"), and Michael Bukata ("Mr. Bukata") (collectively the "Defendants"), by their attorneys, respectfully submit this Memorandum of Law In Further Support Of Their Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c).

I.   STATEMENT OF FACTS

This is a race discrimination case. Plaintiff contends that Mr. Jones and Mr. Bukata mistreated him from approximately 1999 through 2001 and terminated his employment because he is an African American. The alleged discrimination occurred in the Board's Philadelphia office.

On October 17, 2002, Plaintiff noticed the deposition of Allen Castor ("Mr. Castor") for November 22, 2002. See Exhibit 1. Mr.

Castor is a Pennsylvania Board of Probation and Parole board member who works out of the Board's Harrisburg and Norristown offices. Plaintiff's purported reason for Mr. Castor's deposition is a 1995 settlement agreement entered into between Mr. Watkins and the Board more than seven (7) years ago. Except for the seven-year-old settlement agreement, Mr. Castor is not mentioned in Plaintiff's Complaint or in any written discovery that has been produced.

Thus, in response to Plaintiff's deposition notice, on October 18, 2002, Defendants' counsel proposed that the parties allow for the completion of all undisputed depositions and written discovery before further noticing Mr. Castor's deposition. See Exhibit 2. Defendants agreed to produce Mr. Castor if the completed discovery revealed a basis for Mr. Castor's deposition. See id. Plaintiff's counsel rejected Defendants' proposal. On November 4, 2002, Plaintiff served the Defendants' counsel with a subpoena for the deposition of Mr. Castor scheduled for November 22, 2002. See Exhibit 3.

Plaintiff's request to depose Mr. Castor is irrelevant, unreasonable and unduly burdensome or, in the very least, is premature in that it should not be conducted until the completion of all written discovery and undisputed depositions in this case. Accordingly, Defendants' Motion for Protective Order should be granted.

II. <u>LEGAL ARGUMENT</u>

   A. Mr. Castor's Deposition is Unreasonable and Seeks <u>Discovery Irrelevant to the Underlying Case</u>

Federal Rule of Civil Procedure 26 provides in pertinent part that "(p)arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . [and] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "The party seeking discovery has the burden of showing clearly that the information sought is relevant to the subject matter of the action and would lead to admissible evidence." <u>McClain v. Mack Trucks, Inc.</u>, 85 F.R.D. 53, 57 (E.D. Pa. 1979).

Although the language of Rule 26 and the case law interpreting it support a liberal approach to discovery, the Rule is not without limitations. <u>See</u> <u>McClain v. Mack Trucks</u>, <u>Inc.</u>, 85 F.R.D. 53, 57 (E.D. Pa. 1979). Specifically, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). Thus, Rule 26 provides that, "[u]pon motion by a party ..., and for good cause shown, the court ... may ... [order] that the disclosure or discovery not be had[.]" <u>Killion v. Franklin Regional Sch. Dist.</u>, No. 99-CV-731, 2001 WL 1561837, at *1 (W.D. Pa. April 11, 2002)(citing Fed. R. Civ. P. 26(c))(Exhibit A).

The standard for granting a protective order under Rule 26(c)

includes consideration of the following: (1) whether the information sought is relevant to the issue in the case; (2) whether the proposed source of the information is likely to have that information; and (3) whether the preferred form of discovery is necessary for obtaining the information. Rhone-Poulenc v. Home Indem. Co., Civ. A. No. 88-9752, 1992 WL 210159, at *1 (E.D. Pa. Aug. 19, 1992)(Exhibit B).

Mr. Castor's only connection is limited to a seven (7) year old settlement agreement irrelevant to the present matter. Moreover, Mr. Castor's involvement in the settlement agreement was limited solely to his former position as chairman of the board. Thus, the Plaintiff has not met his burden of showing clearly that the information sought is relevant to the subject matter of the action and would lead to admissible evidence. See McClain, 85 F.R.D. at 57. Accordingly, Mr. Castor's deposition is unreasonable and Defendants' Motion for Protective Order should be granted.[1]

III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion and enter an Order precluding Plaintiff from conducting the deposition of Allen Castor.

---

[1] Alternatively, Defendants respectfully request that the Court order that the parties allow for the completion of all undisputed depositions and written discovery before further noticing further noticing the deposition of Mr. Castor.

                Respectfully submitted,

                MILLER, ALFANO & RASPANTI, P.C.

By: _____
     GINO J. BENEDETTI, ESQUIRE
     JENNIFER A. PARDA, ESQUIRE
     Attorney I.D. Nos. 59584 and 88448
     1818 Market Street, Suite 3402
     Philadelphia, PA 19103
     (215) 972-6400

     Attorneys for Defendants,
     Pennsylvania Board of Probation
     and Parole, Willie E. Jones,
     and Michael Bukata

Dated: November 18, 2002
F:\PBL\JAP\PAParoleBoard\Watkins\MemProtectiveOrder.pld.wpd

## **CERTIFICATE OF SERVICE**

\_\_\_\_\_I hereby certify that a true and correct copy of the foregoing pleading, Defendants' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) and accompanying Memorandum of Law, has been served on this date upon the individuals and in the manner indicated below:

**VIA HAND DELIVERY**

_____        Robert J. Sugarman, Esquire
                  Debbie L. Goldberg, Esquire
                  Sugarman & Associates, PC
                  Robert Morris Building
                  100 N. 17th Street, 11th floor
                  Philadelphia, PA 19103-2737

                  Attorneys for Plaintiff,
                  Henry Watkins


                         By:         /s/
                              Jennifer A. Parda, Esquire
                              Attorney No. 88448
                              1818 Market Street, Suite 3402
                              Philadelphia, PA 19103
                              (215) 964-7200

                              Attorney for Defendants,
                              Pennsylvania Board of
                              Probation and Parole, Edward Jones,
                              and Michael Bukata

Dated: November 18, 2002
F:\PBL\JAP\PAParoleBoard\Watkins\MemProtectiveOrder.pld.wpd