```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| HENRY WATKINS | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   NO. 02-CV-2881 |
| | : |
| PENNSYLVANIA BOARD OF PROBATION | : |
| & PAROLE, EDWARD JONES, AND | : |
| MICHAEL BUKATA | : |
| | : |
| Defendants. | : |

**PLAINTIFF S RESPONSE TO DEFENDANTS  MOTION FOR PROTECTIVE ORDER**

    Plaintiff, Henry Watkins, hereby opposes defendants  last minute Motion for Protective Order.  Plaintiff incorporates herein the accompanying Memorandum of Law and exhibits as support for this Response and avers as follows:

    1.  Denied in part.  Denied that plaintiff was discriminated against only from 1999 through 2001, as he was discriminated against based upon defendants  systemic and continuous pattern and practice of discrimination and retaliation against African American board agents, including himself, which began in 1998 when he was promoted to Parole Supervisor and defendants Jones was promoted to District Director.  Admitted that plaintiff worked in the Philadelphia office.  Admitted that he was terminated based upon his race, i.e. African American.

2. Denied in part. On October 17, 2002, plaintiff noticed the deposition of Allen Castor for November 22, 2002. Admitted that defendants did not file this motion until the last minute.

3. Denied. As Chairman of the Board, Mr. Castor personally negotiated and signed (in May, 1995) the settlement agreement of the underlying racial discrimination case brought by African American Parole Board agents, including the plaintiff in this case, against the Parole Board and several individual defendants (<u>Williams v. Pennsylvania Board of Probation and Parole, et al.</u>, No. 93-CV-5926), which plaintiff alleges establishes a pattern of discrimination. Further denied because the settlement agreement is identified in plaintiff s Amended Complaint several times <u>See</u> Amended Complaint ¶¶¶¶ 5,7,8,17, attached hereto as Exhibit 1).

5. Denied that Mr. Castor has no involvement with any of the issues in this case.

6. Denied. Mr. Castor, who negotiated and settled the <u>Williams</u> case, and is a current Board member, has knowledge of the Board s conduct regarding African American employees.

7. Denied.

8. Denied.

WHEREFORE, plaintiff respectfully requests that this Court deny defendants   Motion for Protective Order, and order defendants to produce Allen Castor on November 22, 2002, the date

he was noticed to appear.

                                              ROBERT J. SUGARMAN  
                                              DEBBIE L. GOLDBERG  
                                              Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES  
11th Floor, Robert Morris Building  
100 North 17th Street  
Philadelphia, PA 19103  
(215) 864-2500

Dated: November 20, 2002