IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY WATKINS, : | |
| : | NO. 02-CV-2881 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PENNSYLVANIA BOARD OF : | |
| PROBATION & PAROLE, : | |
| EDWARD JONES, and MICHAEL BUKATA : | |
| : | |
| Defendants. : | |

**DEFENDANTS REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)**

Defendants,Defendants, the PennsDefendants, the PennsyDefendants, the (the(the "Board"), Willie E. Jones (improperly pled as Edward Jones)("Mr.Jones)("Mr. Jones"), and Michael Bukata ( Mr. Bukata (collectively the Defendants ), by their attorneys, respectfully submitsubmit this Reply Memorandum of Law In Further Support Of Their MotionMotion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) ( Motion for Protective Order ).

LEGAL ARGUMENT

Mr. Watkins alleges that Defendants, not Allen Castor ( Mr. Castor )Castor ), retaliated against him because of his role in a sevenCastor yearyear old settlement agreement. In his Complaint, however, Mr. WatkinsWatkins dWatkins does Watkins does not allege that any s discriminatory action occurred until an unspecified date in 2000. See Compla Complaint at ¶ Complaint at ¶ 9, 15 (Plaintiff s Exhibit settlement agreement is, therefore, entirely unrelated to the Mr.

Watkins 2002 claims. Thus, the information sought by Mr. Castor's deposition is not relevant. See Rhone-Poulenc Rorer Inc. v. Home Indem. Co., Civ. A. No. 88-9752, 1992 WL 210159, at *1 (E.D. Pa. Aug. 19, 1992)(standard for consideration of relevance of the information the proposed source possesses such relevant information).[1]

Moreover, Plaintiff's counsel has sought Mr. Castor's deposition in a similar case they brought, and which remains pending, against the Board. Defendants' request to bar Mr. Castor's deposition in that case was granted based upon Mr. Castor's insubstantial involvement in the matter. See Burton v. Pa. Board of Probation and Parole, Civ. Action No. 01-2573 (E.D. Pa. November 15, 2002) (Judge Angell)(Exhibit A).

Accordingly, Defendants' Motion for Protective Order should be granted.

---

[1] Contrary to Plaintiff's assertion that Defendants' motion is untimely, Plaintiff served Mr. Castor with a subpoena on Thursday, November 14, 2002, two (2) business days before Defendants filed their motion with the Court on November 18, 2002. Until service of the subpoena, Defendants had not abandoned hope that the issue could still be resolved amicably without Court intervention. Thus, Defendants' motion is timely.

                Respectfully submitted,

                MILLER, ALFANO & RASPANTI, P.C.

By: _____
     GINO J. BENEDETTI, ESQUIRE
     JENNIFER A. PARDA, ESQUIRE
     Attorney I.D. Nos. 59584 and 88448
     1818 Market Street, Suite 3402
     Philadelphia, PA 19103
     (215) 972-6400

     Attorneys for Defendants,
     Pennsylvania Board of Probation
     and Parole, Willie E. Jones,
     and Michael Bukata

Dated: November 25, 2002
F:\PBL\JAP\PAParoleBoard\Watkins\ReplyMemProtectiveOrder.pld.wpd

**CERTIFICATE OF SERVICE**

\_\_\_\_\_I hereby certify that a true and correct copy of the foregoing pleading, Defendants' Reply Memorandum in Support of Their Motion for Protective Order Pursuant to [Fed. R. Civ. P.] has been served on this date upon the individual and in the manner indicated below:

**VIA HAND DELIVERY**

_____ Robert J. Sugarman, Esquire
Debbie L. Goldberg, Esquire
Sugarman & Associates, PC
Robert Morris Building
100 N. 17th Street, 11th floor
Philadelphia, PA 19103-2737

Attorneys for Plaintiff,
Henry Watkins

By: _____
Jennifer A. Parda, Esquire
Attorney No. 88448
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 964-7200

Attorney for Defendants,
Pennsylvania Board of Probation and Parole, Willie E. Jones, and Michael Bukata

Dated: November 25, 2002
F:\PBL\JAP\PAParoleBoard\Watkins\ReplyMemProtectiveOrder.pld.wpd