IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY WATKINS, : | |
| : | NO. 02-CV-2881 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PENNSYLVANIA BOARD OF : | |
| PROBATION & PAROLE, : | |
| EDWARD JONES, and MICHAEL BUKATA : | |
| : | |
| Defendants. : | |

## DEFENDANTS MOTION FOR FEES AND COSTS
## PURSUANT TO 28 U.S.C. § 1927

Defendants,Defendants, Defendants, tDefendants, the Pennsylvania Boar (the(the "(the "Board"), Willie E. Jones (improperly pled as Edward Jones) ("Mr.("Mr. Jones"), and("Mr. Jones"), and Michael Bukata ( Mr. Bukata (")"Mr. Defendants ) by their attorneys, respectfully submit this Motion forfor Fees and Costs Pursuant to 28 U.S.C. § 1927 and in support thereof aver as follows:

1. This is a race discrimination case. Plaintiff contends thatthat Mr. Jones andthat Mr. Jones and Mrthat Mr. Jones and Mr. Bukata 19991999 through 2001 and terminated his employment because he is an African American.

2.2. On December 12, 2002, Plaintiff deposed Allen Castor ( Mr( Mr. Castor )(, Mr. Castor ), a Pennsylvania Board of Probation and member.

3.3. During the deposition, P3. During the deposition, P Mr.Mr. Castor questions concerning a 1995 settlement agreement entered

intointo between the Board and into between the Board and six (6into
Plaintiff,Plaintiff, more than seven (7) years ago (the Settleme
Agreement ).

4.4.   The Settlement Agreement contains4.   The Settlement Agreem
clause,clause, which precludes the parties from disclclause, which preclud
the terms and amount of the Settlement Agreement.

5.5.  Since December 12, 2002, Defendants have m5.   Since December
requesrequestsrequests that the parties amicably agree to seal Mr. Cast
depositiondeposition transcript as it pertains to the 1995 Settlement
Agreement.

6.6. 6. Plaintiff s counsel repeatedly denied Defendants  requests
andand specand specicaland specifically instructed that Defendants would
motion with the Court.

7.7. Accordingly, on March 7. Accordingly, on March 3, 27. Ac
appropriate Motion for Protective Order in this Court.

8.8.  On March 10, 2003, the Honorable Charles8.  On March 10, 2003, the
Weiner ) held a conference call with the parties to hear argument
concerning Defendants  motion.

9.9.  Much to Defendants  surprise, during the conference call
Plaintiff Plaintiff s counsel told Judge Weiner that they do not dispu
Defendants  motion. Thus, Judge Weiner informed the parties that
thethe Court intended to enter Defendants  proposed form of order
submittedsubmitted with their Motion for Protective Order, sealing those

portions of Mr. Castor's deposition transcript and the confidential Settlement Agreement.

10. By initially <u>refusing</u> Defendants' repeated requests that the parties amicably agree to seal portions of Mr. Castor's deposition transcript, and subsequently offering <u>no dispute</u> whatsoever in opposition to Defendants' Motion for Protective Order, Plaintiff's counsel unreasonably and vexatiously multiplied these proceedings and forced Defendants to incur unreasonable and unnecessary expense.

11. The attorney's fees and costs associated with preparing and filing Defendants' Motion for Protective Order are $1,307.72. <u>See</u> Affidavit of Gino J. Benedetti, Esquire ("Benedetti Affidavit"), ¶¶ 3-5 (Exhibit 1).

12. To date, Plaintiff's counsel has failed to reimburse Defendants the $1,307.72 in attorney's fees and costs incurred due to Plaintiff's counsels' vexatious multiplication of the proceedings.

13. Plaintiff's counsel should therefore be ordered to satisfy personally the attorney's fees and costs Defendants incurred because of their conduct.

WHEREFORE, for the foregoing reasons and those stated in the accompanyingaccompanying Memorandum of Law, Defendants respectfully reque thatthat this Court grant their motion and enter an Order requiring Plaintiff s counsel to pay to Defendants, within five (5) days of thethe date of the Order, $ 1,307.72 in reasonablethe date of the Order, $ 1, costscosts associated witcosts associated with filcosts associated with order.

Respectfully submitted,

MILLER, ALFANO & RASPANTI, P.C.

By: _____
GINO J. BENEDETTI, ESQUIRE
JENNIFER A. PARDA, ESQUIRE
Attorney I.D. Nos. 59584 and 88448
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 972-6400

Attorneys for Defendants,
Pennsylvania Board of Probation
and Parole, Willie E. Jones,
and Michael Bukata

Dated: March 24, 2003
F:\PBL\JAP\PAParoleBoard\Watkins\Motion1927.pld.wpd