IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY WATKINS, : | |
| : | NO. 02-CV-2881 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PENNSYLVANIA BOARD OF : | |
| PROBATION & PAROLE, : | |
| EDWARD JONES, and MICHAEL BUKATA : | |
| : | |
| Defendants. : | |

**DEFENDANTS MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR
MOTION FOR FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927**

Defendants, Defendants, Defendants, tDefendants, the Pennsylvania Boar (the(the "(the "Board"), Willie E. Jones (improperly pled as Edward Jones) ("Mr.("Mr. Jones"), and("Mr. Jones"), and Michael Bukata ( Mr. Bukata ()"Mr. Defendants ), Defendants ), by their attorneys, respectfully subm Memorandum of Law in Further Support of their Motion for Fees and Costs Pursuant to 28 U.S.C. § 1927.

I.  INTRODUCTION AND STATEMENT OF FACTS

This is a race discrimination case. Plaintiff contends that Mr.Mr. JMr. JoneMr. Jones and Mr. Bukata mistreated him from approximatel throughthrough 2001 and terminated his employment because he is an African American.

OnOn December 12,On December 12, 2002, Plaintiff s counsel tookOn Decem of Allen Castor ( Mr. Castor ), a Pennsylvania Board of Probation andand Paroleand Parole boaand Parole board member. During the depos

counselcounsel questioned Mr. Castor about a 1995 settlement agreement entered into between the Board and six (6) individuals, including Mr.Mr. Watkins, more than seven (7) years ago (the Settlement Agreement ).

TheThe Settlement Agreement contains a clearly worded confidentialityconfidentiality clause, which precludes the parties disclosing,disclosing, <u>inter alia</u>, the terms and amount of the Settlement Agreement.Agreement.  Thus, Defendants made numerous requeThus, Defenda parpartiesparties in this matter agree to file under seal the porparties Mr. Castor s deposition that pertain to the Settlement Agreement. A summary of the results of Defendants efforts follows:

| DATE OF REQUEST | NATURE OF REQUEST AND RESPONSE |
|---|---|
| December 12, 2002 | BeforeBefore the commencementBefore the commencem deposition,deposition, Defendants counsel requested o thethe record that the parties agree to seal Mr.Mr. Castor s deposition tran Mri Cast <u>See</u> Allen Castor Deposition Transcript (Castor(Castor Dep.), 4:17 t(Castor Dep.), 4:17 to Plaintiff Plaintiff Plaintiff s Plaintiff s cou request. <u>See id.</u> |
| DecemberDecember 18, 2002 | By letter, Defendants counseBy letter, Defendants c thethe partiesthe parties agree to seal only thosethe pa ofof Mr. Castor s deposition transcript that pertainpertain to thpertain to the pertain to the S DecemberDecember 18, 2002 Correspondence (Exhibit 3). Plaintiff Plaintiff s counsel failed to respond Defendants request. |

2

| | |
|---|---|
| January 10, 2003 | Before the commencement of depositions in an unrelated case, Defendants' counsel asked whether counsel would agree with Defendants' previous request to seal portions of deposition transcript. Plaintiff's counsel denied Defendants' request alleged breach of the Settlement a reason for their refusal. <u>See</u> February 12, 2003 Correspondence (Exhibit 4). |
| February 18, 2003 | By letter, Defendant Plaintiff's counsel to identify in writing the reason for their refusal to agree portions of Mr. Castor's deposition transcript. <u>See</u> February 18, 2003 Correspondence (Exhibit 5). |
| February 20, 2003 | Before the commencement of unrelated matter, Defendants' counsel asked whether Plaintiff's counsel intended to set forth in writing the reason to agree with Defendants' request portions of Mr. Castor's deposition transcript. Plaintiff's counsel reiterated that they would not agree to Mr. Castor's deposition and that Defendants would need to file a motion. |
| February 25, 2003 | By letter, Plaintiff their refusal to agree the Mr. Castor's deposition transcript due to Defendants' alleged breach of the Settlement Agreement. <u>See</u> February 25, 2003 Correspondence (Exhibit 6). |

Thus, regardless of the clear language of the stipulation, Plaintiff's counsel <u>repeatedly refused</u> Defendants' requests, citing as a reason for their refusal the Board's alleged breach of the Settlement Agreement. As a result, Defendants were forced to prepare and file Order with this Court. The attorney's fees and costs associated

3

with preparing and filing Defendants' Motion for Protective Order are $1,307.72. See Affidavit of Gino J. Benedetti, Esquire ("Benedetti Affidavit"), ¶¶ 3-5 (Exhibit 1).

On March 10, 2003, the Honorable Charles R. Weiner ("Judge Weiner"), scheduled a conference call with the parties to hear argument concerning Defendants' Motion for Protective Order. Much to Defendants' surprise, however, during the conference call Plaintiff's counsel told Judge Weiner that they <u>do not dispute</u> Defendants' motion. Judge Weiner therefore informed Defendants that the Court intended to enter the form of order presented by the Defendants in support of their motion.

Thus, by initially <u>refusing</u> Defendants' request that the parties amicably agree to seal portions of Mr. Castor's deposition transcript, and subsequently offering <u>no dispute whatsoever</u> in opposition to Defendants' Motion for Protective Order, Plaintiff's counsel unreasonably and vexatiously multiplied these proceedings and forced Defendants to incur unreasonable and unnecessary expense. To date, Plaintiff's counsel has not reimbursed Defendants the $1,307.72 in attorney's fees and costs that they incurred due to Plaintiff's counsel's unnecessary multiplication of the proceedings. See March 13, 2003 Correspondence (Exhibit 7); March 18, 2003 Correspondence (Exhibit 8); March 21, 2003 Correspondence (Exhibit 9). Plaintiff's counsel should therefore be required to satisfy personally

4

attorney's fees and costs reasonably incurred because of such conduct.

Accordingly, Defendants' Motion for Fees and Costs Pursuant to 28 U.S.C. § 1927 and Motion for Protective Order Pursuant to 28 U.S.C. § 1927 should be granted in its entirety.

II. <u>LEGAL ARGUMENT</u>

Section 1927 of Title 28 of the United States Code provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, . . . reasonably incurred because of such conduct." 28 U.S.C. § 1927 ("Section 1927"). Section 1927, therefore, permits a court to impose sanctions in those situations where there is (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct. <u>LaSalle Nat'l Bank v. First Connecticut Holding Group, LLC</u>, 287 F.3d 279, 288 (3d. Cir. 2002).

In applying Section 1927, the United States Third Circuit Court of Appeals has specifically stated that "[a]lthough [a court] need not 'make an express finding of bad faith in so many words, there must at least be statements on the record which [the] court can construe as an implicit finding of bad faith.'" <u>Zuk v. Eastern Pennsylvania Psychiatric Ins</u>

5

Pennsylvania,, 103 F.3d 294, 297-98 (3d Cir. 1996)(internal citation omitted).omitted).  See also Ford v. Temple Hosp., 790 F.2d 342, 350350 (3d Cir.350 (3d Cir. 1986)350 (3d Cir. 1986) (district court may impose ththethe  phe  plaintiff's actions was frivolous, unreasonable, or witho foundation,foundation, evenfoundation, even thougfoundation, even faith.")(quotingfaith.")(quoting Christiansburg GarmentChristiansburg Garmen 421 (1978)).

Thus,Thus, bad faith is found where there is "indication of an intentional advancement of a baseless contention that is made for anan ulterior purpose . . . [and] . . . may be express or an ulterior pu fromfrom statements made on the from statements made on the recorfrom stat provingproving bad faith.   Horizon Unlimited, Inc. v. RHorizon Unlimited SNA,SNA, Inc., No. CIV. A. 97-7430, 1999 WL 675469, at *3 (E.D. Pa. Aug. 31, 1999)(internal citation omitted)(emphasis added)(Exhibit 10).10).   Once a finding of bad faith ha10).   Once a finding appropriatenessappropriateness of sanctions is a matter entrusted to discretion of the district court."  Boykin v. Bloomsburg Univ. of Pennsylvania,, 905 F. Supp. 1335, 1347 (M.D. Pa. 1995), aff d91 F.3dF.3d 122 (3d Cir. 1996), (quoting QuirogaQuiroga v. Hasbro, 934 F.2d 497 505 (3d Cir. 1991)).

InIn thIn this In this case, Plaintiff  s counsel acted in bad repeatedlyrepeatedly denying Defendants  reasonablerepeatedly denying Defend of Mr. Castor  s deposition while, as illustrated during the March 10,10, 2003 conference call, they in fact had no good faith reason to

dispute Defendants' request. Thus, Plaintiff's [claim] was frivolous, unreasonable and without foundation. F.2d at 350; <u>Horizon Unlimited, Inc</u>, 1999 WL 675469, at [*]. [As a] result, Plaintiff's counsel vexatiously multiplied these proceedings by requiring Defendants to prepare an appropriate motion for protective order. <u>See</u> <u>LaSalle Nat'l Bank</u>, 287 F.3d at 288; <u>Zuk</u>, 103 F.3d at 297-98; <u>Horizon Unlimited, Inc.</u>, 1999 WL 675469, at *3.

Thus, Plaintiff's counsel should [pay] Defendants $1,307.72, the reasonable attorney's fees and costs associated with filing Defendants' [motion]. <u>See</u> Exhibit 1 (Benedetti Affidavit), ¶¶ 3-5. <u>See also</u> <u>Boykin</u>, 905 F. Supp. at 1347-48 ("The standard utilized to calculate the proper award of attorney's fees [is the] lodestar method . . . [which] is calculated [by multiplying the] reasonable hourly rate by the number of hours reasonably expended on the suit.").

Accordingly, Defendants' motion for fees and costs pursuant [to] Section 1927 should be granted in its entirety.

7

III. <u>CONCLUSION</u>

ForFor the foreseeing reasons, Defendants respectfully request thatthat this Court grant their Motion and enter an Order requiring Plaintiff's counsel to pay to Defendants, within five (5) days of thethe date of the Order, $1,307.72 in reasonable attorney's fees and costscosts associated with filing Defendants' Motion for Protcosts assoc Order.

                        Respectfully submitted,

                        MILLER, ALFANO & RASPANTI, P.C.

By: _____
    GINO J. BENEDETTI, ESQUIRE
    JENNIFER A. PARDA, ESQUIRE
    Attorney I.D. Nos. 59584 and 88448
    1818 Market Street, Suite 3402
    Philadelphia, PA 19103
    (215) 972-6400

    Attorneys for Defendants,
    Pennsylvania Board of Probation
    and Parole, Willie E. Jones,
    and Michael Bukata

Dated: March 24, 2003
F:\PBL\JAP\PAParoleBoard\Watkins\Mem1927.pld.wpd

**CERTIFICATE OF SERVICE**

\_\_\_\_\_II herebyI hereby certify that a true and correct copy of the foregoing pleading,pleading, Defendants Motion for Fees and Costs Pursuant to § 1927 andand accompanying Memorandum of Law, has been served on this date upon the individuals and in the manner indicated below:

**VIA HAND DELIVERY**

_____   Robert J. Sugarman, Esquire
Debbie L. Goldberg, Esquire
Sugarman & Associates, PC
Robert Morris Building
100 N. 17th Street, 11th floor
Philadelphia, PA 19103-2737

Attorneys for Plaintiff,
Henry Watkins

By: _____
Jennifer A. Parda, Esquire
Attorney No. 88448
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 964-7200

Attorney for Defendants,
Pennsylvania Board of
ProbationProbation and Parole, Willie E. Jones, and Michael Bukata

Dated: March 24, 2003
F:\PBL\JAP\PAParoleBoard\Watkins\Mem1927.pld.wpd