```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
HENRY WATKINS                       :
                                    :
           Plaintiff,               :
                                    :
     v.                             :    NO. 02-CV-2881
                                    :
PENNSYLVANIA BOARD OF PROBATION     :
& PAROLE, EDWARD JONES, AND         :
MICHAEL BUKATA                      :
                                    :
           Defendants.              :
_____
```

## ANSWER TO DEFENDANTS' MOTION FOR FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927

Counsel hereby responds to defendants' Motion for Fees and Costs as follows:

1. Denied as stated. This case arises from defendants' systemic and continuous pattern of discrimination and retaliation against African American Board employees. Plaintiff was ultimately fired as part of defendants' pattern of discrimination and retaliation, and has brought this suit to recover for same.

2. Admitted.

3. Denied as stated. Castor's deposition provided testimony supporting plaintiff's position that the Board had retaliated against the plaintiff and others involved in the settlement; in that his testimony dealt with the defendants' actions to take away promotions and assignments given under the

Settlement Agreement ( SA ). This required testimony as to the contents of the Settlement Agreement. (See e.g., Castor, N.T. 40:6-43:5, 88:23-91:5, 97:10:97:17, 103:2-103:16, attached as P. Ex. A).

4. Denied as stated. The Settlement Agreement provides for disclosure of its terms where necessary to enforce the Agreement. (Settlement Agreement ¶ 8 attached hereto as Exhibit B ). This is such a case.

5. Denied. Defendants demand shifted and changed. Only in the Motion for Protective Order did defendants, <u>for the first time</u>, limit their sealing request to very specific limited pages of the transcript. (P. Ex. C). They filed their Motion only about three days prior to the Court conference call, on March 3, 2003. The proposals prior to the Motion were much broader. Initially, at the Castor deposition, defendants counsel had requested that the entire transcript be sealed. (D. Ex. 2). When that failed, defendants counsel later nonspecifically proposed

> to seal Mr. Castor s deposition as to the disclosure of *information pertaining* to the 1995 Settlement Agreement,(emphasis added)

clearly implying a broad sealing. (D. Ex. 3). Counsel believed (and believes) that those requests were not proper, and were contrary to case law. Other than as contained in the Motion,

counsel was never presented with the request which was ultimately approved on March 10, 2003.

    6.    Denied.  Plaintiff's counsel did not refuse the Motion request prior to the Motion being filed.  Plaintiff's counsel had earlier refused defendants' request to seal the entire transcript (D. Ex. 2), refused defendants' second request to seal much more testimony than requested in the Motion, or granted; such as testimony regarding the investigation of discrimination and the complaints thereon filed by the other SA plaintiffs, which was information pertaining to the SA.  Until March 3, defendants' counsel had never proposed that only the specific pages be sealed, and plaintiff's counsel, therefore, never refused that proposal.

    7.    Admitted only that defendants filed a Motion for Protective Order on March 3, 2003.  Denied as to the need for the Motion.  Had defendants requested such limited relief earlier, plaintiff's counsel would have considered it, and would likely have acceded.

    8.    Admitted.

    9.    Denied.  The conference was held only a few days after counsel received the Motion.  Based on the Court's intimation of its inclination, and after having reviewed defendants' proposed narrow order, counsel acceded to the proposed Order.  Admitted

that Judge Weiner informed the parties that the Court was inclined to grant some relief.  Counsel was concerned the Court might grant a broader Order.  Admitted that counsel therefore made a strategic decision to accept   the lesser evil  ; i.e., to seal the specific pages listed in defendants   proposed order.  Further averred that it is appropriate for counsel to make a strategic decision to accede to the Court  s expressed preference on a disputed issue, in order to minimize the damage.

    10.  Denied.  Given the public policy against sealing, and advocating on behalf of his client, plaintiff  s counsel could not accede to defendants   request that the entire transcript be sealed or that all information pertaining to the 1995 Settlement Agreement be sealed.  Such an agreement would be against plaintiff  s best interest, and was not necessary.  Once defendants   counsel limited the proposed order to specific pages of the transcript, and the Court indicated its preference, plaintiff  s counsel acceded because it would best protect the interest of his client.  Plaintiff  s response to ¶ 6 is incorporated herein.

    11.  Denied.  Counsel does not possess the knowledge to admit or deny this averment, and proof thereof is demanded if relevant.

    12.  Denied.  Admitted only that plaintiff  s counsel has not

remitted $1,307.72 to defendants.  Denied that these fees and costs were incurred due to any vexatious conduct by plaintiff s counsel.  Further denied that $1,307.72 represents defendants attorney s fees and costs because plaintiff does not possess the knowledge to admit or deny such an averment, and proof thereof is demanded if relevant.

13.  Denied.  The answer to ¶¶ 6 and 12 are incorporated herein.

Plaintiff s counsel incorporates herein the accompanying memorandum of law, and exhibits attached thereto, in further support of this Answer.  For any and all reasons set forth herein, this Court should deny defendants  Motion.

WHEREFORE, Counsel respectfully requests that this Court deny defendants  Motion for Fees and Costs.

```
                                    ROBERT J. SUGARMAN
                                    DEBBIE L. GOLDBERG
                                    Counsel for Plaintiff
```

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500

Dated: April 4, 2003