IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

HENRY WATKINS                    :
                                 :
            Plaintiff,           :
                                 :
      v.                         :    NO. 02-CV-2881
                                 :
PENNSYLVANIA BOARD OF PROBATION  :
& PAROLE, EDWARD JONES, AND      :
MICHAEL BUKATA                   :
                                 :
            Defendants.          :
_____

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927

Counsel respectfully submits this Memorandum of Law in opposition to defendants' Motion for Fees and Costs.

### STATEMENT OF FACTS

This case arises from defendants' systemic and continuous pattern of discrimination and retaliation against African American Board employees who had been involved in a 1995 Settlement Agreement.

Defendants opposed the deposition of Allen Castor, the Chairman of the Board who personally negotiated and signed the Agreement. This Court denied their Motion. The Agreement settled a racial discrimination case brought by plaintiff and others (Williams v Pennsylvania Board of Probation and Parole, et al., No. 93-CV-5926). Plaintiff alleges herein that the

settlement established that a pattern of discrimination and retaliation had existed, and that the plaintiffs were then the victims of retaliation.  Watkins, the plaintiff in this case, was a plaintiff in his own case which was consolidated with <u>Williams</u> and was settled by the Agreement.  The deposition dealt extensively with Board actions against Watkins and others in retaliation for the law suit.  (<u>See e.g.</u>, P. Ex. C, Castor, N.T. 40:6-43:5, 88:23-91:5, 97:10:97:17, 103:2-103:16).

At the Castor deposition, defendants  counsel requested that the entire transcript be sealed.   (D. Ex. 2).  Bearing in mind the public policy against sealing, and the circumstances, plaintiff  s counsel did not agree.  However, plaintiff  s counsel volunteered not to use the transcript for five days in order to provide defendants with an opportunity to move on the issue.  <u>Id.</u> Indeed, plaintiff  s counsel did not use the transcript while correspondence regarding the sealing of the transcript ensued for several weeks thereafter.

On December 18, 2002, defendants  counsel made a different but vague request (D. Ex. 2).  Counsel refused defendants general

> proposal to seal Mr. Castor  s deposition as to the
> disclosure of information pertaining to the 1995
> Settlement Agreement.

D. Ex. 3.

Plaintiff s counsel did not agree to the second vague proposal. That language could be interpreted to overlap with Castor s testimony about the merits of retaliation and other complaints made after 1995 by the plaintiffs who had settled in 1995, all discussed in the context of the Settlement Agreement. E.g., N.T. 40:6-43:5, 88:23-91:5, 97:10:97:17, 103:2-103:16, attached as P. Ex. C. Moreover, counsel noted that the Board s breach of the Settlement Agreement excused plaintiff from any confidentiality provision. (P. Ex. A, Settlement Agreement ¶ 8).

When defendants ultimately filed their Motion on March 3, 2003, in stark contrast to their earlier demand, they drastically narrowed their request. The proposed order named only a few specific pages of the transcript. (P. Ex. B). It proposed:

> ...**pages 55:13 to 61:18 and 68:23 to 75:5** of Allen Castor s deposition transcript shall be filed under the seal of this Court.

P. Ex. B (emphasis added).

About three days later, before plaintiff s response was prepared, the Court convened a conference call. Based on the Court s intimation that some relief was appropriate, and after having reviewed the specific pages identified, plaintiff s counsel decided that agreeing to the request to seal the specific pages of the transcript would serve plaintiff s best interest,

and thus did not oppose the proposed order.

ARGUMENT

I.    **SEALING IS NARROWLY GRANTED.**

Defendants are seeking to punish plaintiff s counsel for resisting a generalized sealing request.  However, the sealing of documents is a practice not favored by the courts.  Courts seal documents only when clearly justified, and in fact, when defense counsel filed a Motion for Protective Order, on March 3, 2003, they limited their request to a few particular pages of the transcript.  See Smith v. Bic Corp., 869 F.2d 194 (3d Cir. 1989)(party wishing to obtain an order of protection over discovery material must demonstrate that  good cause  exists); Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)( Good cause is established on a showing that disclosure will work a clearly **defined and serious injury to the party seeking closure.**  The injury must be shown **with specificity.** )(emphasis added);Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)( Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning  do not support a good cause showing).

Specifically, in Pansy v. Borough of Stroudsburg,23 F.3d 772 (3d Cir. 1994) the Third Circuit remanded with instruction an Order of Confidentiality (of a settlement agreement) granted by

the district court.  There, the Third Circuit directly addressed
the issue:

> We do not . . . give parties *carte blanche* either to
> seal documents related to a settlement agreement or to
> withhold documents they deem so   related.    Rather, the
> trial court  not the parties themselves  should
> scrutinize every such agreement involving the sealing
> of court papers and [determine] what, if any, of them
> are to be sealed, and it is only after very careful,
> particularized review by the court that a
> Confidentiality Order may be executed.

Pansy, 23 F.3d at 786 citing Cf. City of Hartford v. Chase, 942
F.2d 130, 136 (2d Cir. 1991).  Considering such legal precedent
regarding the sealing of court papers, plaintiff  s counsel was
reasonably justified in his initial resistance against sealing
the deposition transcript.  As discussed *infra*, plaintiff  s
counsel, backed by such authoritative and persuasive case law,
certainly did not act unreasonably, vexatiously or in bad faith
in his decision to proceed cautiously and in the best interest of
his client.

## II.   THE MOTION IS CONTRARY TO CLEAR LAW.

### A.   Section 1927 Sanctions Should Be Imposed Sparingly and Only in Instances of Serious Disregard for Justice.

 28 U.S.C. § 1927 provides as follows:

> Any attorney or other person admitted to conduct cases
> in any court of the United States or any Territory
> thereof who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the
> court to satisfy personally the excess costs, expenses,
> and attorneys   fees reasonably incurred because of such

conduct.

The law is clear that a court must impose costs under Section 1927 sparingly and only for serious disregard for justice, so as not to chill an attorney s duty to vigorously and zealously represent his client.  <u>LaSalle Nat  l Bank v. First Connecticut Holding Group, LLC</u>, 287 F.3d 279, 288-89 (3d Cir. 2002) (citing <u>Ford v. Temple Hospital</u>, 790 F.2d 342, 349 (3d Cir. 1986)).  In <u>Ford</u>, the Third Circuit held as follows:

> The uncritical imposition of attorneys' fees can have an undesirable chilling effect on an attorney's legitimate ethical obligation to represent his client zealously.

In <u>Baker Industr. Inc. v. Cerberus, Ltd.</u>, 764 F.2d 204, 208 (3d Cir. 1985), the Third Circuit explained that the imposition of Section 1927 sanctions should not have the effect of "chilling an attorney's legitimate ethical obligation to represent his client zealously".  Moreover, the Third Circuit explained:

> [t]he power to assess the fees against an attorney should be exercised with restraint lest the prospect thereof chill the order of proper and forceful advocacy on behalf of his client.

<u>Id.</u> (quoting <u>Colucci v. New York Times Co.</u>, 533 F.Supp. 1011, 1014 (S.D.N.Y. 1982)).

In <u>Williams v. Giant Eagle Markets, Inc</u>., 883 F.2d 1184, 1993 (3d Cir. 1989), the Third Circuit held that imposing sanctions, even in a case in which a lawyer raises an obviously

losing theory, "would deprive a lawyer of his ethical obligation to represent his client zealously."

The Supreme Court has also warned that courts must employ restraint in imposing sanctions, as sanctions could have the effect of "discourag[ing] all but the most airtight claims[.]" See <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 422 (1978) (discussing attorneys' fees under Title VII).

This Motion shows no regard for that stricture.

**B.    The Grounds Necessary To Impose Section 1927 Sanctions Are Not Present Here.**

In the Third Circuit, Section 1927 requires that the court find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) **doing so in bad faith or by intentional misconduct.** <u>Williams v. Giant Eagle Markets</u>, 883 F.2d 1184, 1191 (3d Cir. 1989); <u>See also</u> <u>LaSalle Nat  l Bank v</u>. <u>First Connecticut Holding Group, LLC</u>, 287 F.3d 279, 288 (3d Cir. 2002).  In order to avoid chilling an attorney  s obligation to vigorously represent his client, as described above,   sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal.   <u>LaSalle</u>, 287 F.3d at 288; <u>See also</u> <u>Zuk</u>, 103 F.3d at 297; <u>Ford</u>, 790 F.2d at 347; <u>Baker</u>

<u>Industries</u>, 764 F.2d at 208; <u>Williams v. Giant Eagle Markets,
Inc</u>., 883 F.2d at 1991.

In <u>Baker</u>, the Third Circuit approvingly noted the bad faith
standard adopted in <u>Colucci v. New York Times Co.</u>, 533 F.Supp.
1011 (S.D.N.Y.1982).  The <u>Colucci</u> court stated that under Section
1927, an attorney's "conduct must be of an egregious nature,
stamped by bad faith that is violative of recognized standards in
the conduct of litigation."  <u>Baker Industries</u>, 764 F.2d at 208
(quoting <u>Colucci</u>, 533 F.Supp. at 1014).  Thus, the Third Circuit
has stated that the bad faith requirement is necessary for a
finding of liability, otherwise "an attorney who might be guilty
of no more than a mistake in professional judgment in pursuing a
client's goals might be made liable for excess attorneys'
fees...."  <u>Baker Industries</u>, 764 F.2d at 209.

Section 1927 sanctions are so sparingly imposed that it was
difficult to locate cases in which such sanctions were in fact
imposed, in order to compare counsel s conduct here.  Even in the
cases cited by defendants, no sanctions were imposed. Plaintiff s
counsel s actions differ substantially than those of counsel in
<u>Baker Industries</u>, *supra*, one case in which the Third Circuit
imposed sanctions.  In <u>Baker Industries</u>, the Third Circuit
affirmed the District Court s finding of bad faith where the
attorney, in flagrant breach of a stipulation of consent,

including a provision barring review of the referee s conclusions of law and fact, asserted objections to a referee s conclusions in a patent licensing suit.

Here, plaintiff s counsel clearly did not act unreasonably, vexatiously or in bad faith. The issue to which he agreed in the conference call had not been previously presented to him. Initially, defendants counsel had broadly requested that the entire transcript be sealed. (D. Ex. 2). Sealing the transcript in toto was not defensible and defendants abandoned that demand.

The second request, i.e., to seal information pertaining to the 1995 Settlement Agreement (D. Ex. 3), remained vague and general. Portions of the transcript which may have been included include testimony not relating to the terms of the Settlement Agreement, such as testimony regarding the investigation of discrimination complaints filed by the 1995 Settlement Agreement plaintiffs, as shown in the transcript pages attached to the Answer as Exhibit A.

They never showed any specific injury.

Moreover, counsel acted appropriately when defendants limited their request to the specific pages listed in the proposed order, and hearing the Court s inclination, counsel determined that agreeing to seal those particular pages. Counsel clearly did not act in bad faith, but only acted responsibly in

knowing when (and how much) to fold  .  To hold counsel

responsible for agreeing when a Motion is filed would require

counsel to advocate positions not in the client  s interest to

avoid sanctions - a bad result.

<u>CONCLUSION</u>

For the foregoing reasons, defendants   Motion for Fees and

Costs should be denied.

Respectfully submitted,

_____
ROBERT J. SUGARMAN
DEBBIE L. GOLDBERG
Counsel for Plaintiff


OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500

Dated: April 4, 2003