IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY WATKINS, | : |
|       Plaintiff, | :   NO. 02-CV-2881 |
| v. | : |
| PENNSYLVANIA BOARD OF PROBATION & PAROLE, EDWARD JONES, and MICHAEL BUKATA | : |
|       Defendants. | : |

**CERTIFICATION IN SUPPORT OF DEFENDANTS' MOTION
TO COMPEL RESPONSES TO DISCOVERY, OR IN THE ALTERNATIVE,
TO STRIKE PLAINTIFF'S PLEADINGS AND DISMISS ACTION,
AND FOR ATTORNEY'S FEES AND COSTS PURSUANT TO Fed.R.C.P. 37**

Lisa R. Marone, hereby certifies as follows:

1. I am an associate employed by Miller, Alfano & Raspanti, P.C. I give this Certification in support of Defendants' Motion to Compel Discovery Responses, or in the alternative, to Strike Plaintiff's Pleadings and Dismiss the Action, and for Attorney's Fees and Costs.

2. On or about August 29, 2005, we served Robert Sugarman, Esquire, counsel for the Plaintiff, Defendants' Third Set of Interrogatories. Attached hereto as Exhibit "A" is a true and correct copy of Defendants' Third Set of Interrogatories addressed to Plaintiff.

3. On or about August 29, 2005, we wrote to Robert Sugarman, Esquire, counsel for the Plaintiff to advise him that his client had still not provided answers to Defendants' Third Set of

Interrogatories, and requested that answers be provided within five (5) days. Attached hereto as Exhibit "B" is a true and correct copy of our August 28, 2005 letter to Mr. Sugarman.

4. On or about September 2, 2005, we again wrote to Mr. Sugarman to advise him of his client's discovery deficiencies, and to request responses within fifteen (15) days. Attached hereto as Exhibit "C" is a true and correct copy of our September 2, 2005 letter to Mr. Sugarman.

5. Our September 2, 2005 letter specifically requested seven (7) categories of information:

1- addresses, telephone numbers and subjects of information relating to individuals named in Plaintiff's Self-Executing Disclosures;

2- names of any witnesses, including his/her address, telephone number and subject matter of information, other than those individuals named in Plaintiff's Self-Executing Disclosures;

3 - documents (other than 259 bate stamped documents produced by the Plaintiff, the documents produced by Defendants in *this* case, and the documents produced and marked as exhibits at Mr. Sugarman's deposition in this case) that Plaintiff is aware of or upon which Plaintiff intends to rely;

4- We asked Mr. Sugarman to contact us to provide his availability for depositions;

5- Defendants demanded that Plaintiff withdraw an objection to their Third Set of Requests for Admissions, number 4, which states, "the assistant paralegal work to which you refer in the affidavit attached as Exhibit A was for the law firm Sugarman & Associates";

6- Interrogatory number 1, which states, "describe all facts and identify all documents" that support Plaintiff's denials of Requests for Admissions. Plaintiff responded by stating, "plaintiff refers to his Responses to defendants' Requests for Admissions." Defendant demanded a responsive answer to this interrogatory; and

7- Mr. Sugarman was again reminded of his client's failure to answer Defendants' Third Set of Interrogatories to Plaintiff, and was asked to provide responses on or before Tuesday, September 6, 2005, to avoid the filing of the instant application.

6.  On or about Friday, September 9, 2005, I spoke with Mr. Sugarman, who advised me that "Rosa", of his office, had just retired, and that she had met with the Plaintiff to formulate answers to Defendants' Third Set of Interrogatories. Mr. Sugarman stated that he had not had the chance to look at the Plaintiff's answers, but stated that he would try to do so by Monday, September 12, 2005. Mr. Sugarman represented to me that Plaintiff's answers to Defendants' Third Set of Interrogatories would be forwarded to

us by "next week," which week ended on Friday, September 16, 2005.

7. In compliance with Fed.R.C.P. 37(a)(2)(A) and 37(a)(2)(B), on or about Friday, September 16, 2005, I called Mr. Sugarman's office. I spoke with his receptionist, who advised me that he was not available that morning, but that he would be in the office later that day. I asked her to have Mr. Sugarman call me in reference to outstanding discovery issues in the instant matter.

8. On September 20, 2005, Mr. Sugarman contacted Gino Benedetti, Esquire, of this firm, and stated that he did not have copies of the discovery requests referenced in Mr. Benedetti's September 2, 2005 letter. Accordingly, we forwarded the requested materials to Mr. Sugarman.

9. In a letter dated September 21, 2005, Mr. Benedetti advised Mr. Sugarman that Defendants expected Plaintiff's responses "to all outstanding discovery and disclosure requests by September 30, 2005." A true and correct copy of Mr. Benedetti's September 21, 2005 letter is attached hereto as Exhibit "D".

10. On September 26, 2005, I received a facsimile from Mr. Sugarman, which stated," 1st Set I Rogs and Response to RFA - what's deficient?" Attached hereto as Exhibit "E" is a true and correct copy of Mr. Sugarman's September 26, 2005 facsimile.

11. On September 29, 2005, I wrote to Mr. Sugarman and advised him <u>again</u> of Plaintiff's discovery deficiencies. I advised him that absent full and complete responses by October 7, 2005, we

would file a motion. Attached here to as Exhibit "F" is a true and correct copy of my September 29, 2005 letter.

12. On October 6, 2005, Mr. Sugarman sent, via facsimile, what purported to be Plaintiff's Answer to Defendants' Third Set of Interrogatories and Supplemental Disclosures. Attached hereto as Exhibit "G" is a true and correct copy of Mr. Sugarman's October 6, 2005 facsimile, along with its enclosures.

13. On October 7, 2005, I wrote to Mr. Sugarman to again advise him of the fact that Plaintiff had failed to respond to the discovery requests outlined in Mr. Benedetti's letter of September 2, 2005. I again pointed out the deficiencies and advised him that absent a response on or before October 21, 2005, the instant application would be made. Specifically my letter stated:

> Thank you for your facsimile of October 6, 2005, in which you forwarded what purports to be Plaintiff's Answer to Defendant's Third Set of Interrogatories and Supplemental Disclosures. However, these answers are deficient. Specifically, Interrogatory 3 states, "For each request made by Defendants in their Third Set of Requests for Admissions that you did not unequivocally admit, describe all facts and identify all documents that support your denial." Plaintiff responded, "None received. Not applicable." This answer does not make sense. Plaintiff certainly received Defendants' Third Request for Admissions, which contained four admissions. Plaintiff admitted to the first three and objected to the fourth. The objection is "not unequivocally admit[ting]" the request, and therefore, Plaintiff must respond to this interrogatory.

14. This letter also reiterated the several other requests that remained outstanding. Attached hereto as Exhibit "H" is a true and correct copy of our October 7, 2005 letter.

5

15. Mr. Sugarman did not respond to our October 7, 2005 letter.

16. Despite my best efforts to resolve this matter without Court intervention, Plaintiff has not provided responses to outstanding discovery requests.

17. My rate as an associate in this matter is $140.00 per hour. I spent approximately 4.0 hours preparing this motion, totaling $560.00.

I hereby certify that the foregoing statements made by me are true and correct. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

MILLER, ALFANO & RASPANTI, P.C.

BY: _____
LISA R. MARONE, ESQUIRE
Miller, Alfano & Raspanti, P.C.
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 972-6400

Dated: October 28, 2005

F:\PBL\LRM\Pa Parole Bd. Watkins\Certification-Support-LRM.wpd

```
          IN THE UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| HENRY WATKINS, : | |
| : | NO.  02-CV-2881 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PENNSYLVANIA BOARD OF : | |
| PROBATION & PAROLE, : | |
| EDWARD JONES, and MICHAEL BUKATA : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
COMPEL RESPONSES TO DISCOVERY, OR IN THE ALTERNATIVE
TO STRIKE PLAINTIFF'S PLEADINGS AND DISMISS ACTION,
AND FOR ATTORNEY's FEE AND COSTS PURSUANT TO Fed.R.C.P. 37**

## STATEMENT OF FACTS

Defendants hereby incorporate the facts set forth in the Certification of Lisa R. Marone as though set forth at full herein.

## LEGAL ARGUMENT

I.  **PLAINTIFF SHOULD PROVIDE SUPPLEMENT INFORMATION IN RELATION TO HIS SELF EXECUTING DISCLOSURE STATEMENTS BECAUSE FAILURE TO DO SO VIOLATES FED.R.C.P. 26(a)(1)**

Fed.R.C.P. 26 (a)(1) requires parties to disclose information relating to documents and witnesses, and specifically, the names, addresses and subjects of information of witnesses, within fourteen (14) days of a discovery conference.

Here, Plaintiff failed to provide addresses, telephone numbers or subjects of information. Rather, Plaintiff provided only a list of names of individuals. Plaintiff has not complied with his obligation pursuant to Fed.R.C.P. 26(a)(1)

II. PLAINTIFF SHOULD PROVIDE ANSWERS TO DEFENDANTS' THIRD SET OF INTERROGATORIES TO PLAINTIFF AND SHOULD PROVIDE A MORE RESPONSIVE ANSWER TO DEFENDANTS' INITIAL SET OF INTERROGATORIES, NUMBER 1

Fed.R.C.P. 33(b) provides that a party served with interrogatories must provide answers within thirty (30) days. Fed.R.C.P. 37(a)(3) states that an incomplete answer shall be treated as a failure to answer.

Here, Plaintiff was served with Defendants' Third Set of Interrogatories on or about July 11, 2005, such that more than thirty (30) days have passed. Plaintiff has not answered these interrogatories in contravention of Fed.R.C.P. 37(b).

Moreover, Plaintiff was served with initial interrogatories in or about December of 2002. Interrogatory number 1 asks the Plaintiff to "describe all facts and identify all documents" that support Plaintiff's denials of Requests for Admissions. Plaintiff's answer of "plaintiff refers to his Responses to defendants' Requests for Admissions" is wholly inadequate. This answer does not set forth any facts, nor does it answer the interrogatory. Thus, pursuant to Fed.R.C.P. 37(b), this answer is to be treated as a failure to answer, which is in violation of Fed.R.C.P. 37(a)(3).

III.  PLAINTIFF MUST WITHDRAW HIS OBJECTION TO DEFENDANTS' THIRD REQUEST FOR ADMISSION NUMBER 4, AND MUST EITHER ADMIT OR DENY THE STATEMENT BECAUSE HIS OBJECTION IS GROUNDLESS

Fed.R.C.P. 36 governs Requests for Admissions. It states that a party must admit or deny a Request within thirty (30) days. A party may also object to the Request, so long as a basis for the objection is provided. The Federal Rules of Evidence state that evidence is relevant when it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. F.R.E. 401.

Here, Request for Admission Number 4 states, "the assistant paralegal work to which you refer in the affidavit attached as Exhibit A was for the law firm Sugarman & Associates." Plaintiff responded with an objection. His response states, "objected to as irrelevant." This is a race discrimination case. Plaintiff contends that Mr. Jones and Mr. Bukata mistreated him from approximately 1999 through 2001 and terminated his employment because he is an African American. Information relating to Plaintiff's subsequent employment is certainly relevant in this type of claim, and therefore, Plaintiff's objection based upon his contention that the information sought is irrelevant is groundless, and should be withdrawn.

3

IV. PLAINTIFF'S PLEADINGS SHOULD BE STRICKEN IN ACCORD WITH FED.R.C.P. 37(b)(2)(c) OR IN THE ALTERNATIVE, AN ORDER SHOULD BE ENTERED COMPELLING THE PLAINTIFF TO RESPOND TO DISCOVERY

Federal Rule of Civil Procedure 37(c)(1) states that the Court may sanction a party in accord with Fed.R.C.P. 37(b)(2)(c) when the party fails to disclose information required by Fed.R.C.P. 26(a). Fed.R.C.P. 37(d) states that the Court may sanction a party in accord with Fed.R.C.P. 37(b)(2)( c) when a party fails to provide answers to interrogatories. Accordingly, Fed.R.C.P. 37(b)(2)( c) allows for the entry of an Order Striking out Pleadings or Dismissing Actions.

Here, Plaintiff has failed to provide information required in his self-executing disclosure statement. Plaintiff has failed to answer interrogatories in whole, and has answered others inadequately, which pursuant to Fed.R.C.P. 37(a)(3) is to be treated as a failure to answer, and therefore, this Court may sanction the Plaintiff by entering an Order Striking his Pleadings and Dismissing the Action.

Alternatively, if this Court does not enter an Order Striking the Pleadings of Plaintiff and Dismissing the Action, Defendants request that this Court enter an Order Compelling the Plaintiff to Provide Discovery Responses in accord with Fed.R.C.P. 37(a)(2).

4

V.  AN ORDER AWARDING ATTORNEYS FEES AND COSTS SHOULD BE ENTERED AGAINST PLAINTIFF IN ACCORD WITH FED.R.C.P. 37(a)(4)(A).

Federal Rule of Civil Procedure 37(a)(4)(A) allows for the entry of an Order for attorney's fees and costs under two circumstances. One, if the responses are provided after the motion is filed; and 2) if the moving party prevails. Thus, if this Court grants Defendants' Motion to Compel, or in the alternative, to Strike Pleadings and Dismiss the Action, the Court should also enter an Order awarding counsel fees.

### CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court enter an Order Striking the Pleadings of Plaintiff and Dismissing the Complaint, or in the Alternative, enter an Order Compelling the Plaintiff to Respond to Discovery Requests; and for an Order Awarding Counsel Fees and Costs.

Respectfully submitted,

MILLER, ALFANO & RASPANTI, P.C.

BY: _____
LISA R. MARONE, ESQUIRE
Miller, Alfano & Raspanti, P.C.
1818 Market Street - Ste. 3402
Philadelphia, PA 19103
(215) 972-6400

Dated: October 28, 2005

5

## CERTIFICATE OF SERVICE

I, LISA R. MARONE, hereby certify that a true and correct copy of Defendants' Motion to Compel Responses to Discovery, or in the Alternative to Strike Plaintiff's Pleadings and Dismiss Action and for Attorney's Fees and Costs Pursuant to Fed.R.C.P. 37 with Supporting Memorandum of Law and Certification in Support were served upon the following person and in the manner listed below:

### VIA FIRST CLASS MAIL

Robert J. Sugarman, Esquire
Sugarman & Associates
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103

BY: _____
LISA R. MARONE

Dated: October 28, 2005

F:\PBL\LRM\Pa Parole Bd. Watkins\Memo-motiontocompel.pld.wpd

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY WATKINS, | : |
|       Plaintiff, | : NO. 02-CV-2881 |
| v. | : |
| PENNSYLVANIA BOARD OF PROBATION & PAROLE, EDWARD JONES, and MICHAEL BUKATA | : |
|       Defendants. | : |

**DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY, OR IN THE ALTERNATIVE TO STRIKE PLAINTIFF'S PLEADINGS AND DISMISS ACTION AND FOR ATTORNEY'S FEES AND COSTS PURSUANT TO Fed.R.C.P. 37**

Defendants, the Pennsylvania Board of Probation and Parole (the "Board"), Willie E. Jones (improperly pled as Edward Jones) ("Mr. Jones"), and Michael Bukata ("Mr. Bukata") (collectively the "Defendants") by their attorneys, respectfully submit this Motion to Compel Discovery, or in the alternative, to Strike the Plaintiff's Pleadings and Dismiss Action, and for Attorney's Fees and Costs Pursuant to Federal Rule of Civil Procedure 37.

Defendants rely on the enclosed Certification and Memorandum of Law in Support of this Motion.

WHEREFORE, for the foregoing reasons and those stated in the accompanying Certification and Memorandum of Law, Defendants respectfully request that this Court grant their motion and enter an Order requiring Plaintiff to Respond to Discovery, or in the alternative for an Order Striking the Plaintiff's Pleadings.

Respectfully submitted,

MILLER, ALFANO & RASPANTI, P.C.

By: _____
GINO J. BENEDETTI, ESQUIRE
LISA R. MARONE, ESQUIRE
Attorney I.D. Nos. 59584, 200305
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 972-6400

Attorneys for Defendants,
Pennsylvania Board of Probation
and Parole, Willie E. Jones,
and Michael Bukata

Dated: October 28, 2005

F:\PBL\LRM\Pa Parole Bd. Watkins\motion to compel.pld.wpd