IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| **HENRY WATKINS** | : |
| | : |
|       **Plaintiff,** | : |
| | : |
|       v. | :    NO. 02-CV-2881 |
| | : |
| **PENNSYLVANIA BOARD OF PROBATION** | : |
| **& PAROLE, EDWARD JONES, AND** | : |
| **MICHAEL BUKATA** | : |
| | : |
|       **Defendants.** | : |

_____

## ORDER

    AND NOW, this ____ day of _____, 2006, upon consideration of Plaintiff's Motion for Leave to Amend Complaint and any response thereto,

    It is ORDERED that the Motion is GRANTED and

    (a)  The Court holds that Count I for depravation of Section 1981 rights includes stated claims under 28 U.S.C. Section 1983;

    (b)  Leave is granted to file the proposed Second Amended Complaint attached as Exhibit A to the Motion.

                                                                    BY THE COURT,

                                                              _____

                                                               John P. Fullam, J.

```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                    :
HENRY WATKINS                       :
                                    :
            Plaintiff,              :
                                    :
      v.                            :    NO. 02-CV-2881
                                    :
PENNSYLVANIA BOARD OF PROBATION     :
& PAROLE, EDWARD JONES, AND         :
MICHAEL BUKATA                      :
                                    :
            Defendants.             :
_____
```

### MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff moves to amend the Complaint to assert that the Section 1981 claim is covered and/or authorized by Section 1983, and avers in support thereof the following:

1. The Complaint herein articulates claims of denial of equal protection and First Amendment retaliation, and asserts them as Section 1981 violations.

2. On Motion, with a fully reasoned opinion, the Court (per Judge Weiner) denied defendants' Motion to Dismiss the Section 1981 count and held that Section 1981 does provide a cause of action.

3. Recently, three judges of this Court have disagreed with Judge Weiner in other cases, and have held that Section 1981 does not support an independent count. Russ-Tobias v. Pennsylvania

Board of Probation and Parole, 2006 WL 516771, (March 2006) (E.D.Pa. 2006)(Judge O'Neill); Roadcloud v. Pa. Bd. of Probation & Parole, 2006 WL 83453 (E.D.Pa. 2006) (Judge Kauffman); Foxworth v. Pa. State Police, 2005 WL 840374 (E.D.Pa. 2005) (Judge Baylson) Judge Kauffman has indicated a merger of Section 1981 and Section 1983 is appropriate. Roadcloud; Carlton v. City of Philadelphia, 2004 WL 633279, at *5 (E.D.Pa. 2004) (Kauffman, J.).

   4.  When filing this case, plaintiff did not have any reason to doubt that Section 1981 would be sustained as a separate count, a conviction which was reaffirmed by this Court's decision to that effect.

   5.  However, fearing a change of decision, plaintiff wishes to amend as a protective matter.

   6.  Plaintiff wishes to assert the doctrine of merger, but alternatively and additionally, the doctrine that a pleading which sets forth a Section 1983 claim is deemed to be a Section 1983 pleading, even if Section 1983 is not explicitly referenced.

   7.  This claim clearly asserts facts supporting a Section 1983 claim.

   8.  Defendants will not be prejudiced in any material way by amendment as the proposed amendment at most merely adds new legal theories of recovery based on the exact same facts as the original pleading.  This is to be allowed.  Farber v. General Elec. Co., 1994 WL 46519 (E.D.Pa. 1994) (Shapiro, J.).

9. Plaintiff incorporates his memorandum and all exhibits in support of this motion.

WHEREFORE, plaintiff respectfully moves that this Court allow Amendment and clarify and declare that the Section 1981 count will be read to implicitly include stated claims under Section 1983.

```
                                    /S/ rjs1531
                              ROBERT J. SUGARMAN
                              Counsel for Plaintiff
```

OF COUNSEL:

SUGARMAN & ASSOCIATES, PC
11th Floor, Robert Morris Bldg.
100 North 17th Street
Philadelphia, PA 19103
215-864-2500

Date: April 14, 2006

F:\Watkins\Pleadings\Resp.IROG

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                    :
HENRY WATKINS                       :
                                    :
            Plaintiff,              :
                                    :
      v.                            :   NO. 02-CV-2881
                                    :
PENNSYLVANIA BOARD OF PROBATION     :
& PAROLE, EDWARD JONES, AND         :
MICHAEL BUKATA                      :
                                    :
            Defendants.             :
_____
```

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Plaintiff submits this memorandum in support of his Motion for Leave to Amend the Complaint.

**STATEMENT OF FACTS**

Plaintiff's complaint alleges causes of action under Section 1981, conspiracy and Title VII discrimination and retaliation for protected speech. The underlying equal protection and First Amendment issues are causes of action for which Section 1983 provides a cause of action.

After removing, defendants moved to dismiss the Section 1981 claim (Count I), relying on Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733 (1989). This Court, in a substantial and closely-reasoned opinion, concluded that Section 1981, as amended in 1991, provides an independent cause of action, and denied the

Motion.

Recently, in other cases, three judges of this Court have disagreed with Judge Weiner's reasoning in this case, while recognizing that the circuits are split and the Third Circuit has yet to decide the issue. *See* <u>Russ-Tobias v. Pennsylvania Board of Probation and Parole</u>, 2006 WL 516771, (E.D.Pa. 2006)(Judge O'Neill); <u>Roadcloud v. Pa. Bd. of Probation & Parole</u>, 2006 WL 83453 (E.D.Pa. 2006) (Judge Kauffman); <u>Foxworth v. Pa. State Police</u>, 2005 WL 840374 (E.D.Pa. 2005) (Judge Baylson).

Accordingly, plaintiff now seeks to amend the complaint (or clarification) because he anticipates that defendants will seek to overturn Judge Weiner's decision herein by Rule 50 Motion, by appeal, or by Motion for Judgment.  In <u>Russ Tobias</u>, where he reversed his position on Section 1981, Judge O'Neill declined to amend the pleadings after the verdict; hence, plaintiff is seeking to amend or clarify now to avoid any issue of timeliness.

**ARGUMENT**

The Complaint should be amended or clarified, such that the plaintiff's Section 1981 cause of action includes a claim for violation of Section 1983.  There are two routes to this end: the Court can hold that the Section 1981 cause of action implicitly also includes assertion of his rights through Section 1983, and/or the Complaint can be amended to expressly include Section 1983.  Both are appropriate.

The Court should hold that the Section 1981 cause of action includes assertion of plaintiff's Section 1981 rights through Section 1983. The "decisional law is virtually unanimous that a complaint need not specifically refer to § 1983, so long as the essential elements of the claim are plead." <u>Section 1983 Litigation</u>, § 1.06[a], p 1-48 (2005). If a cause of action falls within the ambit of denial of civil rights by public officials – state actors, which is within the scope of Section 1983, then an explicit reference to Section 1983 is not required. <u>Thorstenn v. Barnard</u>, 883 F.2d 217, 218 (C.A.3 1989)  The Third Circuit in <u>Thorstenn</u>, held that a Section 1983 claim is alleged where a plaintiff "asserts statutory claims based on violations of a federal statute" and Section 1983 provides a remedy.  *Id.*

Likewise, in <u>Russ Tobias</u>, as noted by Judge O'Neill, Judge Dalzell presumed to include reference to a claim under Section 1983, since the remedy for enforcing First Amendment rights is via a Section 1983 cause of action.

Because it is clear that the plaintiff raised a cause of action for violation of his Section 1981 rights, he should be found to have implicitly also brought that cause of action pursuant to Section 1983, if Section 1983 provides the exclusive remedy for violations of Section 1981 by a state actor. It is not disputed that the plaintiff has a right to equal protection in the making and enforcement of contracts and to be protected

from retaliation and that plaintiff pled a cause of action for deprivation of that right by state actors. It is also not disputed that a cause of action exists such that the plaintiff may seek compensation for the violation of that right by state actors.

The issue arises because defendants argued and some courts hold that the enforcement of Section 1981 rights against a state actor can exclusively be raised via a Section 1983 cause of action, whereas Judge Weiner herein ruled that Section 1981 itself provides an independent cause of action. Because the issue whether defendants deprived Watkins of his rights protected under Section 1981 was clearly raised by the Complaint, he should be found to have implicitly pled a cause of action pursuant to Section 1983 to ensure that any decision on the merits is protected in the event the Third Circuit eventually decides Section 1981 does not provide an independent cause of action.

The second route to the result is amendment to explicitly assert Section 1983 as the basis or cause of action to enforce Section 1981 rights, or rights which had previously thought to be Section 1981 rights. (Proposed Amended Complaint attached as Exhibit A). This route was adopted by Judge Kauffman in the Roadcloud case, when he rejected Section 1981 liability, but "merged" the Section 1981 claim with Section 1983. *Id.* at 3; *See also* Carlton v. City of Philadelphia, 2004 WL 633279, at *5

(E.D.Pa. 2004) (Kauffman, J.).

To merge the claim would potentially require an amendment to the Complaint, to assert a Section 1983 count.  This Motion requests that relief would eliminate any uncertainty in the record.

Amendment is governed by F.R.C.P. Rule 15(a) which provides that leave to amend "shall be freely given when justice so requires."  Amendment should be allowed to accommodate a change in the governing law. <u>Coventry v. U.S. Steel Corp.</u>, 856 F.2d 514, 518 (C.A.3 1988)(reversing District Court where court denied amendment without "any particular prejudice that would result from permitting the amendment" and holding amendment should have been allowed to conform to changes in the law).

These considerations are especially applicable where the Court has expressly held that the pleading was satisfactory, and a cause of action was sufficiently set forth.  Leave to amend should not be denied absent "an 'apparent or declared' reason for the denial" such as:

> "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or the] futility of the amendments." <u>Coventry v. U.S. Steel Corp.</u>, 856 F.2d 514, 519 (C.A.3 1988).

Here, there is no particular prejudice which would preclude amendment.  Plaintiff has not unduly delayed, or moved for amendment in bad faith or with dilatory motive.  In fact, as

stated, the Court held in favor of the plaintiff on the Section 1981 issue. Plaintiff is moving for amendment out of caution, due to very recent decisions rejected Judge Weiner's analysis and the split among those circuits that have decided the issue. Amendment will cause no delay as the defendants have had full opportunity to conduct discovery on all facts relating to this issue. Moreover, there has been no failure to cure deficiencies as this Court specifically held there is no deficiency.

Finally, the Amendment is not futile. It is a recognition that there is substantial disagreement as to whether Section 1981 provides an independent cause of action. Moreover, courts that have decided the issue differently from this Court specifically held that the appropriate cure is to merge the Section 1981 claim into a Section 1983 claim. <u>Roadcloud</u>; <u>Carlton</u>. Thus, the amendment is proposed to ensure that, in the event that the issue is decided by the Third Circuit differently from Judge Weiner's decision, the claim is still decided on the merits instead of on a technicality.

The only impediment which may be asserted here is the statute of limitations defense and the statue of limitations defense cannot apply because the amendment relates back to the original filing. Rule 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to

the date of the original pleading.

In <u>Farber v. General Elec. Co.</u>, 1994 WL 46519 (E.D.Pa. 1994) (Shapiro, J.), this Court held "If the amendment adds new legal theories of recovery based on the exact same facts as the original pleading, then the amendment clearly relates back." *citing* <u>Donnelly v. Yellow Freight System, Inc.</u>, 874 F.2d 402, 410 (7th Cir. 1989), aff'd, 494 U.S. 820 (1990).

Here, the factual allegations under Section 1983 as proposed are the same conduct set forth in the original pleading. Section 1983 provides a cause of action to redress the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," by state actors. Here, it is the deprivation of rights protected by Section 1981 and 1983 which is alleged. The facts supporting the alleged deprivation of those rights were all originally pled in support of the independent cause of action under Section 1981. The proposed amendment merely adds a explicit reference to Section 1983 as a legal theory of recovery based on the exact same facts, in case this Court or the Third Circuit eventually decides the Section 1981 issue differently from Judge Weiner and the Ninth Circuit.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Motion for Leave to Amend, and/or clarify and declare that the Section 1981 count will be read to implicitly include stated claims under

Section 1983.

                                      Respectfully submitted,

                                      ___/S/ rjs1531_____
                                      ROBERT J. SUGARMAN
                                      Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES, PC
11th Floor, Robert Morris Bldg.
100 North 17th Street
Philadelphia, PA 19103
215-864-2500

Date: April 14, 2006

**CERTIFICATE OF SERVICE**

I, Carl W. Ewald, certify that I delivered a copy of the Plaintiff's Motion for Leave to Amend Complaint to the following counsel by **first-class mail** on this date:

> Gino J. Benedetti, Esquire
> Miller, Alfano & Raspanti, P.C.
> 1818 Market Street, Suite 3402
> Philadelphia, PA 19103
> (215) 972-6400

_____
CARL W. EWALD

Dated: April 14, 2006

F:\Watkins\Pleadings\Motion to Amend Complaint 03-27-06.wpd