```
                IN THE UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| HENRY WATKINS, : | |
| : | NO. 02-CV-2881 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PENNSYLVANIA BOARD OF : | |
| PROBATION & PAROLE, : | |
| EDWARD JONES, and MICHAEL BUKATA : | |
| : | |
| Defendants. : | |

## ORDER

AND NOW, on this _____ day of _____, 2006, upon consideration of Plaintiff's Motion for Leave to Amend his Complaint, and Defendants' response in opposition thereto, it is hereby ORDERED that Plaintiff's Motion for Leave to Amend his Complaint is DENIED.

BY THE COURT:

_____
                              J.

Case 2:02-cv-02881-JF   Document 56   Filed 05/26/2006   Page 2 of 16

```
              IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF PENNSYLVANIA
```

HENRY WATKINS,                          :
                                        :   NO.  02-CV-2881
            Plaintiff,                  :
                                        :
       v.                               :
                                        :
PENNSYLVANIA BOARD OF                   :
PROBATION & PAROLE,                     :
EDWARD JONES, and MICHAEL BUKATA        :
                                        :
            Defendants.                 :
                                        :

## ORDER

AND NOW, on this _____ day of _____, 2006, upon consideration of Plaintiff's Motion for Leave to Amend his Complaint, and Defendants' response in opposition thereto, it is hereby ORDERED that Plaintiff's Motion for Leave to Amend his Complaint is GRANTED in part and DENIED in part as follows:

   1.   Plaintiff may file a second amended complaint to assert 42 U.S.C. § 1983 claims against the individual defendants in their individual capacities only.  Plaintiff may not amend his complaint in any other way.

   2.   Plaintiff will provide Defendants with a proposed Second Amended Complaint that conforms to the directives within this Order within ____ days of the date of this Order.  If Defendants object to the form of the proposed complaint, they will bring their objections to the attention of the Court within 10 days of service of it on them.

3. If Defendants do not object to Plaintiff's proposed Second Amended Complaint, Plaintiff shall file it within 5 days after Defendants' time to object expires.

BY THE COURT:

_____
                              J.

```
            IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| HENRY WATKINS, | : |
|       Plaintiff, | :   NO. 02-CV-2881 |
| v. | : |
| PENNSYLVANIA BOARD OF<br>PROBATION & PAROLE,<br>EDWARD JONES, and MICHAEL BUKATA | : |
|       Defendants. | : |

<u>ORDER</u>

AND NOW, on this _____ day of _____, 2006, upon consideration of Defendants' Cross-Motion to Dismiss Count I of Plaintiff's Amended Complaint, pursuant to Fed. R.Civ. P. 12(c), and Plaintiff's response in opposition thereto, it is hereby ~~ORDERED that Defendants' Cross-Motion is GRANTED and that Count I of Plaintiff's Amended Complaint is dismissed with prejudice.~~

BY THE COURT:

_____
                                         J.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY WATKINS, | : |
|       Plaintiff, | : NO. 02-CV-2881 |
| v. | : |
| PENNSYLVANIA BOARD OF PROBATION & PAROLE, EDWARD JONES, and MICHAEL BUKATA | : |
|       Defendants. | : |

**DEFENDANTS' CROSS-MOTION TO
DISMISS COUNT I OF PLAINTIFF'S AMENDED COMPLAINT**

Defendants, the Pennsylvania Board of Probation and Parole (the "Board"), Willie E. Jones (improperly pled as Edward Jones) ("Mr. Jones") and Michael Bukata ("Mr. Bukata")(collectively the "Defendants"), by their attorneys, respectfully submit this Cross-Motion to Dismiss Count I of Plaintiff's Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(c), and, in support thereof, state as follows:

1. On April 18, 2002, Plaintiff, Henry Watkins ("Mr. Watkins"), filed a complaint against the Defendants in the Pennsylvania Court of Common Pleas for Philadelphia County.

2. On May 14, 2002, the Defendants removed this case to this Court because Mr. Watkins alleged violations of federal law.

3. On May 29, 2002, Defendants filed their Motion to Dismiss Plaintiff's Complaint.

4.  On July 29, 2002, Plaintiff filed his Amended Complaint asserting the following claims again the Defendants:

| Count I | Discrimination concerning alleged contractual relationship under 42 U.S.C. § 1981 ("Section 1981") |
|---|---|
| Count II | Intentional infliction of emotional distress |
| Count III | Negligent infliction of emotional distress |
| Count IV | Conspiracy to discriminate on the basis of race |
| Count V | Hostile Work Environment under 42 U.S.C. § 2000(e) ("Title VII") |
| Count VI | Retaliation under Title VII |

5.  Mr. Watkins' Section 1981 claim (Count I) fails because 42 U.S.C. § 1983 ("Section 1983") is the sole remedy against a state for violations of Section 1981.

WHEREFORE, for the foregoing reasons, and those expressed in the accompanying Memorandum of Law, the Defendants respectfully request that this Court grant their Cross-Motion to Dismiss and dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

MILLER, ALFANO & RASPANTI, P.C.

By: _____
GINO J. BENEDETTI, ESQUIRE
LISA R. MARONE, ESQUIRE
Attorney I.D. Nos. 59584; 200305
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 972-6400

Attorney for Defendants,
Pennsylvania Board of Probation and Parole, Willie E. Jones, and Michael Bukata

Dated: May 26, 2006

2

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY WATKINS, : | |
| : | NO. 02-CV-2881 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PENNSYLVANIA BOARD OF : | |
| PROBATION & PAROLE, : | |
| EDWARD JONES, and MICHAEL BUKATA : | |
| : | |
| Defendants. : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
AND DEFENDANTS' CROSS-MOTION TO DISMISS
PLAINTIFF'S 42 U.S.C. § 1981 CLAIMS UNDER
FEDERAL RULE OF CIVIL PROCEDURE 12(c)**

Defendants, the Pennsylvania Board of Probation and Parole (the "Board"), Willie E. Jones (improperly pled as Edward Jones) ("Mr. Jones") and Michael Bukata ("Mr. Bukata") (collectively the "Defendants"), by their counsel, Miller, Alfano & Raspanti, P.C., respectfully submit this Memorandum of Law in further support of their Opposition to the Motion for Leave to Amend his Complaint filed by Plaintiff, Henry Watkins ("Mr. Watkins") and in support of their Cross-Motion Under Federal Rule of Civil Procedure 12(c).

**STATEMENT OF FACTS/PROCEDURAL HISTORY**

On September 14, 2001, Mr. Watkins filed a race discrimination and retaliation complaint with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Rights Commission ("PHRC"). See Exhibit 1.

On April 18, 2002, Mr. Watkins sued the Defendants in the Court of Common Pleas for Philadelphia County, under docket number 0402-2927. On May 14, 2002, Defendants removed the case to this Court. On May 29, 2002, Defendants filed a motion to dismiss the complaint.[1] On July 29, 2002, Mr. Watkins filed an Amended Complaint.

On August 12, 2002, Defendants filed a Motion to Dismiss the Amended Complaint. On November 25, 2002, the Court entered an Order Granting in Part and Denying in Part, Defendants' Motion to Dismiss the Amended Complaint. See generally Watkins v. Pa Bd. of Parole and Prob., 2002 WL 32182088 (E.D. Pa. Nov. 25, 2002). The Court dismissed Mr. Watkins' claims for intentional and negligent infliction of emotional distress and both of Mr. Watkins' Title VII claims against the individual defendants in their official capacities. Id. at *7-12. The court did not dismiss the Mr. Watkins' independent Section 1981 claim. Id. at *7.[2]

---

[1] Defendants' motion to dismiss included an argument that Count I of Plaintiff's Complaint, which alleged violations of 42 U.S.C. Section 1981, should be dismissed. Defendants argued that Section 1981 does not provide an independent cause of action, and that all such claims must be brought through 42 U.S.C. Section 1983.

[2] In 1989, the United States Supreme Court found that Section 1981 claims can only be brought through a Section 1983 action. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989). The late Honorable Charles R. Weiner followed the lead of the Court of Appeals for the Ninth Circuit, which held that the 1991 amendment to Section 1981 overruled the Supreme Court's decision in Jett, and held that Mr. Watkins could assert a separate Section
(continued...)

On February 20, 2003, the Court dismissed this action without prejudice and placed it on the inactive list. See Exhibit 2. On April 23, 2003, with leave of Court, the Defendants answered the Amended Complaint and asserted a Counterclaim for breach of contract. Id. On December 12, 2005, this case was transferred to the Honorable John P. Fullam, who entered an Order on December 13, 2005, returning the case to active status. Id. Thereafter, on April 11, 2006, Defendants filed a motion for summary judgment based on their counter-claim. Id. Three days later, Mr. Watkins moved for leave to file an amended complaint. Id.

Mr. Watkins asserts the following claims in his proposed amended complaint:

| Count I | Discrimination concerning alleged contractual relationship under 42 U.S.C. Section 1981 brought through 42 U.S.C. § 1983 |
|---|---|
| Count II | Intentional infliction of emotional distress |
| Count III | Negligent infliction of emotional distress[3] |
| Count IV | Conspiracy to discriminate on the basis of race |
| Count V | Title VII based on hostile work environment |
| Count VI | Title VII (Retaliation)[4] |

---

[2](...continued)
1981 cause of action. See generally Watkins, 2002 WL 32182088 (citing Fed'n of Afr. Amer. Contractors v. City of Oakland, 96 F.3d 1204 (9th Cir. 1996)).

[3]   Counts II and III state, "Deleted Per Court Order."

[4]   Counts V and VI are against all Defendants generally, although the Court's prior Order dismissed Mr. Watkins' Title VII
(continued...)

3

The Defendants now cross-move to dismiss Mr. Watkins' Section 1981 claims now pending in the amended complaint or as asserted in the proposed amended complaint. The Defendants also oppose Mr. Watkins' request to amend his complaint again because the amendment is futile.

## LEGAL ARGUMENT

I. DEFENDANTS' CROSS-MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(c) SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO STATE A SECTION 1981 CLAIM

Federal Rule of Civil Procedure 12(c) permits the filing of a motion for judgment on the pleadings. See Fed.R.Civ.P. 12(c). Such motions are decided under the same standard as a Fed.R.Civ.P. 12(b)(6) motion for failure to state a claim. See Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted only if the plaintiff is not entitled to any relief after accepting as true the facts alleged and all reasonable inferences therefrom. Vallies v. Sky Bank, 432 F.2d 493, 494 (3d Cir. 2006) (citing Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988)).

Section 1981 does not provide an independent cause of action. In relying on a 1996 decision of the Court of Appeals for the Ninth Circuit, Judge Weiner found that the 1991 amendments to Section

---

[4](...continued)
claims against the Board and the individual Defendants in their official capacities. See Watkins, 2002 WL 321882088, at *7-12.

4

1981 did create an independent cause of action under Section 1981. See generally, Watkins, 2002 WL 32182088 (internal citations omitted). At the time of, and since Judge Weiner's ruling, many courts rejected the Ninth Circuit's interpretation of the 1991 Amendment to Section 1981. See, e.g., Bolden v. City of Topeka, Kansas, 441 F.3d 1129 (10th Cir. 2006)(holding that the 1991 amendments to Section 1981 do **not** abrogate Jett); Butts v. County of Volusia, 222 F.3d 891 (11th Cir. 2000)(same); Oden v. Oktibbeha County, 246 F.3d 458 (5th Cir. 2001)(same); Dennis v. County of Fairfax, 55 F.3d 151 (4th Cir. 1995)(same)(emphasis added).

Furthermore, this Court has reasoned that the legislative history of the 1991 amendments shows that Section 1981(c) was intended only to codify existing case law, and that there is no indication that Congress intended to nullify Jett to create a new civil cause of action. See, e.g., Miles v. City of Phila., 1999 WL 274979, at *5 (E.D. Pa. May 5,1999)(citing Johnson v. City of Fort Lauderdale, 903 F.Supp. 1520, 1522-23 (S.D.Fla. 1995), aff'd, 148 F.3d 1228 (11th Cir.1998); Russ-Tobias v. Pa. Bd. of Prob. and Parole, 2006 WL 516771 (E.D. Pa. Mar. 2, 2006); Roadcloud v. Pa. Bd. of Prob. and Parole, 2006 WL 83453 (E.D. Pa. Jan. 6, 2006); Foxworth v. Pa. State Police, 2005 WL 840374 (E.D. Pa. Apr. 11, 2005).[5]

---

[5] This court also similarly decided less recent cases. See, e.g., Irizarry v. Commonwealth of Pennsylvania Dep't. of Transp., 1999 WL 269917(E.D. Pa. Apr. 19, 1999); Dill v. (continued...)

5

Neither the Supreme Court nor the Third Circuit has ruled definitively on this issue. <u>See, e.g.</u>, <u>Jones v. Sch. Dist. of Phila.</u>, 198 F.3d 403, 415 (3d Cir. 1999)(acknowledging issue but refusing to reach it); <u>Hopp v. The City of Pittsburgh</u>, 194 F.3d 434, 440 (3d Cir. 1999)(same). The Court of Appeals for the Third Circuit did address the issue, *in dicta*, in <u>Oaks v. City of Phila.</u>, 59 Fed. Appx. 502, 503 (3d Cir. 2002). There the Third Circuit revealed its intent to reject the Ninth Circuit's interpretation by stating:

> that the express action at law provided by § 1983 for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, provides the exclusive federal damages remedy for the violation of the rights guaranteed by Section 1981 when the claim is pressed against a state actor.

<u>Id.</u> at 503 (relying on <u>Jett</u>, 491 U.S. at 735). <u>See also</u> <u>Carlton v. City of Phila.</u>, 2004 WL 633279, at *5 (E.D. Pa. Mar. 30, 2004) (rejecting independent Section 1981 claim based in part on the Third Circuit's dicta that <u>Jett</u> survived the 1991 amendments).

Accordingly, this Court should dismiss Mr. Watkins' Section 1981 claims against all Defendants.

---

[5](...continued)
<u>Commonwealth of Pennsylvania</u>, 3 F.Supp.2d 583 (E.D. Pa. 1998); <u>Stinson v. Pa. State Police</u>, 1998 WL 964215 (E.D. Pa. Nov. 2, 1998); <u>Poli v. SEPTA</u>, 1998 WL 405052 (E.D. Pa. Jul. 7, 1998).

6

II   PLAINTIFF SHOULD NOT BE ALLOWED TO AMEND HIS COMPLAINT BECAUSE THE PROPOSED AMENDMENT IS FUTILE

Federal Rule of Civil Procedure 15(a) prohibits amendment of pleadings when the amendment is futile. Jablonski v. Pan Amer. World Airways, Inc., 863 F2d 289, 292 (3d Cir. 1988)(citing Foman v. Davis, 371 U.S. 178, 182 (1968)). An Amendment of a complaint is futile if it will not cure a deficient pleading or withstand a "renewed motion to dismiss." Id. (citing Massarsky v. Gen'l Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert denied 464 U.S. 937 (1983)).

Mr. Watkins' proposed amended complaint is futile because:

    a.   the Court lacks jurisdiction due to the contract between the parties that contains a mandatory alternative dispute resolution provision; and

    b.   the law prohibits the amended claims against the Board or the individual Defendants in their official capacities.

    A.   Plaintiff's Proposed Amended Claims Are Futile Because this Court Lacks Jurisdiction Over them Under the Parties' Agreement

As argued in Defendants' pending summary judgment motion, this Court lacks jurisdiction over any claims because Mr. Watkins agreed to pursue his claims out of court pursuant to an alternative dispute resolution provision in a contract signed by the parties. Defendants hereby incorporate by reference their Motion for Leave to File Under Seal a Motion for Summary Judgment, and Summary Judgment Motion, as though set forth at full herein. For the

7

reasons set forth in those motions, Mr. Watkins' attempt to amend his complaint is futile because this Court should enforce the agreement between the parties and dismiss the claims for lack of jurisdiction.

> B. Plaintiff's Proposed Amended Claims are Futile Because Plaintiff Has Failed to State a Cause of Action Against the Board or the Individual Defendants in Their Official Capacities Under Section 1983

Mr. Watkins named all Defendants in his proposed amended Sections 1981 and 1983 claims. The law clearly prohibits these claims against the Board and the Individual Defendants in their official capacities. Thus, if these claims survive Defendants' jurisdiction argument, they can survive only against the Individual Defendants in their individual capacities.

A state is not a person with the meaning of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 60 n.1 (1989). As held by the Supreme Court, "in common usage, the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it.'" Id. (citing Wilson v. Omaha Tribe, 442 U.S. 653, 667 (1979)(citations omitted)). Similarly, state officials are not subject to Section 1983 claims when acting in their official capacities. See Irizarry, 1999 WL 269917, at *4 (citing Will, 491 U.S. 58, 64, 71 (1989)).[6] See also Stinson, 1998

---

[6] Although claims maybe brought under Section 1983 against state officials in their official capacities for prospective
(continued...)

8

WL 964215, at *4(holding same). The Supreme Court explained that, "obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." <u>Will</u>, 491 U.S. at 71 (citing <u>Brandon v. Holt</u>, 469 U.S. 464, 471 (1985)). As such, it is no different from a suit against the State itself. <u>Id.</u> (internal citations omitted).

Thus, because Section 1981 violations can only be remedied through Section 1983, Mr. Watkins' proposed amended complaint that alleges Section 1981 violations against the Board and the individual defendants in their official capacities is futile. Accordingly, Mr. Watkins' motion for leave to amend to assert Section 1981 or 1983 claims against the Board or the Individual Defendants in their official capacities should be denied.[7]

---

[6](...continued)
injunctive and declaratory relief, <u>see</u> <u>Will</u>, 491 U.S. at 71 n. 10, that analysis is inapplicable here, as injunctive relief has not been requested.

[7]     Mr. Watkins also seeks to file an amended complaint that contains counts for intentional and negligent infliction of emotional distress in contravention of this Court's prior Order. Although Mr. Watkins has indicated "Deleted Per Court Order", the counts are, in fact, not deleted - they are contained in the body of the complaint. Therefore, Mr. Watkins should not be allowed to file an amended complaint that repeats allegations that already have been dismissed by this Court because such an amendment is futile.

III. <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request this Court to enter an Order Dismissing Count I of Mr. Watkins' Amended Complaint, which was filed on July 29, 2002 and denying Mr. Watkins' Motion for Leave to File an Amended Complaint.

                              Respectfully submitted,

By: _____
     GINO J. BENEDETTI, ESQUIRE
     LISA R. MARONE, ESQUIRE
     Attorney I.D. Nos. 59584; 200305
     1818 Market Street, Suite 3402
     Philadelphia, PA 19103
     (215) 972-6400

     Attorneys for Defendants,
     Pennsylvania Board of Probation
     and Parole, Willie E. Jones,
     and Michael Bukata

Dated: May 26, 2006