IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| **HENRY WATKINS** | : |
| | : |
|       **Plaintiff,** | : |
| | : |
|       v. | :   NO. 02-CV-2881 |
| | : |
| **PENNSYLVANIA BOARD OF PROBATION** | : |
| **& PAROLE, EDWARD JONES, AND** | : |
| **MICHAEL BUKATA** | : |
| | : |
|       **Defendants.** | : |

_____

**PLAINTIFF'S ANSWER TO DEFENDANTS'
CROSS-MOTION TO DISMISS COUNT I**

    Plaintiff answers Defendants' Cross-Motion to Dismiss Count I as follows:

    1-4.  Admitted.

    5.  Denied.  This is a conclusion of law to which no response is required.  Averred that the issue was previously decided by Judge Weiner and that decision should not be revisited.

    WHEREFORE, for the foregoing reasons and those expressed in the accompanying Memorandum of Law, plaintiff respectfully requests that the Court deny defendants' Cross-Motion in its entirety.

                                              /S/ rjs1531_____
                                             ROBERT J. SUGARMAN
                                             Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES, PC
11th Floor, Robert Morris Bldg.
100 North 17th Street
Philadelphia, PA 19103

(215)864-2500 - Telephone
(215)864-2501 - Facsimile
rjsugarman@aol.com

Date: June 8, 2006

```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                      :
HENRY WATKINS                         :
                                      :
            Plaintiff,                :
                                      :
      v.                              :   NO. 02-CV-2881
                                      :
PENNSYLVANIA BOARD OF PROBATION       :
& PAROLE, EDWARD JONES, AND           :
MICHAEL BUKATA                        :
                                      :
            Defendants.               :
_____
```

### CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANTS' CROSS-MOTION TO DISMISS COUNT I AND IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff submits this memorandum in opposition to defendants' Cross-Motion to Dismiss Count I and to reply to defendants' opposition to his Motion for Leave to Amend the Complaint.

### STATEMENT OF FACTS

Because the law is undecided on whether Section 1981 provides an independent cause of action against state actors, plaintiff moved this Court to clarify and declare that his Section 1981 count will be read to implicitly include stated claims under Section 1983. In the alternative, he requested leave to amend the Complaint.

Defendants filed a Cross Motion to Dismiss Count I of the Complaint. Defendants' Motion asks this Court to reverse Judge

Weiner's well reasoned opinion denying defendants' previous Motion to Dismiss on this very same issue. Defendants ask this Court to reverse Judge Weiner despite the fact that there has been no change in the law and no condition that would support their Motion. The law is in the exact same state as it was when Judge Weiner refused their Motion.

In relation to the plaintiff's Motion to Amend, defendants have not responded to plaintiff's request to clarify the Section 1981 Count, but only answered and briefed the opposition to amendment. Defendants' Cross-Motion, however, shows the need to clarify or amend the 1981 claim.

**ARGUMENT**

**I.   SECTION 1981 PROVIDES AN INDEPENDENT CAUSE OF ACTION.**

The defendants ask this Court to reverse Judge Weiner's well reasoned decision merely because some non-controlling cases have been decided differently by other judges, district courts or Circuit Courts other than the Third Circuit. Contrary to Defendants' arguments, the law is still the same as when Judge Weiner decided this issue four years ago.

**A.  THE LAW OF THE CASE DOCTRINE BARS REVERSAL OF A DECISION RESOLVED EARLIER IN THE LITIGATION.**

The law of the case in this case is very clear. Judge Weiner expressly held that "§ 1981, as amended, creates an implied direct cause of action against state actors." <u>Watkins v. PA Bd of Probation and Parole</u>, 2002 WL 32182088, at 5 (Weiner, J.) (E.D.Pa. 2002).  Defendants admit that the law has not changed; that neither the Third Circuit nor the Supreme Court has decided the issue and the other Courts are divided. (Defendants' Brief at 5).

The law of the case doctrine directs this Court not to revisit Judge Weiner's earlier decision.  Stating that doctrine, the Supreme Court held that it directs that the Court should refrain from re-deciding issues that were resolved earlier in the litigation absent "extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." <u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800, 816, 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988). Clearly, it cannot be a manifest injustice if the nation's courts are divided and the defendants already had a full and fair opportunity to litigate the issue before Judge Weiner.

There is no extraordinary circumstance.  Judge Weiner's decision was soundly reasoned and followed the Ninth Circuit's holding in <u>Federation of African American Contractors v. City of Oakland</u>, 96 F.3d 1204, 1210 (9th Cir.1996).  There has been no

subsequent change in the law. Numerous courts have followed Federation, e.g. Endquist v. Oregon Department of Agriculture, No. Civ. 02-1673-AS, 2004 WL 792790 (D.Or. 2004) (Holding 1981 claim allowed); Miller v. Town of Milson, 2005 WL 549531 (D.Del. 2005)(recognizing split and following Federation); Coleman & Williams, Ltd. v. Wisconsin Dept. of Workforce Development, 401 F.Supp.2d 938 (E.D.Wis. 2005)("Courts are divided on whether the amendment provided § 1981 plaintiffs with an independent claim against state actors. The most persuasive decision on point is Fed'n of African Am. Contractors") and some have not.

Contrary to defendants' argument, Oaks v. City of Philadelphia, 59 Fed.Appx. 502 (C.A.3 2003), did not hint at how the Third Circuit might decide the issue. Defendants improperly attempt to spin language from Oaks that they admit is dicta. (Brief at 6). Dicta "is not part of the holding, and not precedential." Government of Virgin Islands v. Fonseca, 274 F.3d 760, 764 (C.A.3 2001). It does not determine an issue. In re U.S. Healthcare, Inc., 193 F.3d 151, 165 (C.A.3. 1999)(Dicta does not have precedential effect.). Thus, the defendants' reliance is inappropriate.

Additionally, the dicta cited by defendants does not address the issue of whether there is an independent cause of action under Section 1981. The issue was applying Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611

(1978). Oaks merely stated that "the Court has ruled" and quoted Jett. There is no indication that the Court gave any consideration to the 1991 amendments or that the issue was ever raised, let alone briefed. Oaks did not reveal an intent to depart from Federation. Federation and this issue is not even considered. In fact, in Oaks the District Court reversed its earlier order merging the 1981 and 1983 claims. Thus, the claims before the Third Circuit were independent claims. The Third Circuit expressly held that the lower court had not erred and held "We have independently reviewed Oaks's §§ 1981 and 1983 claims pursuant to Monell." If anything, this holding indicates that the Third Circuit considered it appropriate to allow the Section 1981 claim independently from Section 1983.

Moreover, the Third Circuit expressly designated Oaks as "not precedential". The holdings of "not precedential" opinions have no binding effect, let alone the dicta. Clemmons v. Wolfe, 377 F.3d 322, (C.A.3 2004). A "not precedential" opinion is designated to "have value only to the trial court or the parties." Thus, by definition, Oaks should not be relied upon.

Moreover, most of the cases that defendants now rely upon were previously briefed before Judge Weiner and he expressly rejected the defendants' reliance on those cases.[1] Those cases

---

[1] Judge Weiner previously considered and rejected the reasoning of Oden v.. Okitbbeha County, Miss., 246 F.3d 458, 464 (5th Cir.2001), Butts v. County of Volusia, 222 F.3d 891, 894 (11th Cir.2000), and Dennis v. County of Fairfax, 55 F.3d 151, 156 n. 1 (4th Cir.1995), the main cases defendants rely

that defendants cite which post date Judge Weiner's opinion, do nothing to alter the law as it was when Judge Weiner decided this issue. They merely recognize that the courts are divided and find in favor of defendants' argument.[2] This is to be expected with an issue where the Courts are divided. Just as many courts have agreed with Judge Weiner's decision in this case, e.g. *supra* Endquist; Miller; Coleman & Williams, 401 F.Supp.2d 938 (holding "The most persuasive decision on point is Federation of African Am. Contractors"), some will not. This does not decide or change the law. Thus, there is no extraordinary reason to revisit this issue and Judge Weiner's decision is the law of the case.

---

on here. (Watkins at 5). He also considered and rejected defendants arguments based on Poli v. Septa, 1998 WL 405052 (E.D.Pa. 1998), and Johnson v. City of Fort Lauderdale, 148 F.3d 1228 (11th Cir.1998). (Watkins at 10).

[2] Carlton v. City of Philadelphia, 2004 WL 633279, at *5 (E.D.Pa. 2004) (Kauffman, J.)(recognizing division, denying Motion to Dismiss and merging Section 1981 and 1983 counts); Roadcloud v. Pa. Bd. of Probation & Parole, 2006 WL 83453 (E.D.Pa. 2006) (Judge Kauffman) (denying Motion to Dismiss, merging 1981 count with 1983 count and recognizing division and adopting his own reasoning from prior Carlton case); Russ-Tobias v. Pennsylvania Board of Probation and Parole, 2006 WL 516771, (March 2006) (E.D.Pa. 2006)(Judge O'Neill)(adopting reasoning of District Court in prior Roadcloud case.); Foxworth v. Pa. State Police, 2005 WL 840374 (E.D.Pa. 2005) (Judge Baylson) (recognizing division and following 1999 district court case and merging Section 1981 and 1983 counts).

**B.   THE COURT WAS CORRECT IN HOLDING THAT 1991 AMENDMENTS TO SECTION 1981 CREATED AN INDEPENDENT CAUSE OF ACTION.**

Even if reconsidered, the result was correct. The ultimate issue to be decided by the Third Circuit and/or Supreme Court is whether the 1991 Amendments to Section 1983 created an independent cause of action against state actors. As stated, the Courts are divided on this issue.

Defendants argue, partially based on cases from other circuits that Judge Weiner expressly considered and rejected herein, that the 1991 amendment did not create an independent cause of action. In 1989, the Supreme Court decided <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701, 733 (1989), which held that Section 1983 was the exclusive remedy for violations of Section 1981 rights by state actors. There has always been a direct cause of action under Section 1981 generally. But, <u>Jett</u> held that suits against state actors must be brought exclusively through Section 1983. However, as held by the Ninth Circuit in <u>Federation of African American Contractors v. City of Oakland</u>, 96 F.3d 1204, 1210 (9th Cir.1996), the Civil Rights Act of 1991 amended § 1981 by adding subsections (b) and (c), implicitly adding a direct cause of action under Section 1981.

As Judge Weiner held, new subsection (c) borrowed the language of § 1983 which provides for a cause of action against state actors. <u>Watkins</u> at 4. It provides:

> The rights protected by this section are protected

against impairment by nongovernmental discrimination and impairments **under color of State law**. 42 U.S.C.1981(c) (emphasis added).

Thus, as Judge Weiner held, it provided for an additional cause of action directly under Section 1981 against state actors. Watkins at 4; Federation, 96 F.3d at 1210.

Judge Weiner held the 1991 amendments were expressly enacted to broaden the scope of acts covered by Section 1981 and to reverse the precedent that limited the remedies available under Section 1981. Watkins at 4. Accordingly, in Section 3 of the 1991 amendment, Pub.L. 102-166, Congress in relevant part provided:

> "The purposes of this Act are:
> "(4) to respond to recent decisions of the Supreme Court by expanding the scope of relevant civil rights statutes in order to provide adequate protection to victims of discrimination."

Additionally, the Congressional findings behind the Act detailed the need to provide additional remedies under Federal law to deter unlawful harassment and intentional discrimination in the workplace. In Section 2 of the 1991 amendment Congress expressly found:

> "The Congress finds that--
> "(1) **additional remedies under Federal law are needed to deter unlawful harassment and intentional discrimination in the workplace;**
> "(2) the decision of the Supreme Court in Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989) has weakened the scope and effectiveness of Federal civil rights protections; and
> "(3) **legislation is necessary to provide additional protections against unlawful discrimination in employment.**"(*emphasis added*)

Accordingly, the Supreme Court in <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369, 124 S.Ct. 1836, (2004), held that Subsection (b) of the 1991 amendments were expressly drafted to overrule the case law that, to that point, had limited Section 1981 claims to only provide remedy for discrimination in the making of a contract.  Judge Weiner in this case and the Ninth Circuit in <u>Federation</u>, along with a number of district courts, held that Subsection (c) overruled <u>Jett</u>. <u>Watkins</u> at 5.

While the language in § 1981(c) does not explicitly create a direct cause of action against state actors, many courts have held that § 1981(c) now implies a cause of action against state actors for substantive violations of § 1981. In <u>Federation</u>, the Ninth Circuit applied the modern implied remedy doctrine enunciated by the Supreme Court in <u>Cort v. Ash</u>, 422 U.S. 66, 95, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), for determining whether a private cause of action is implied in a statute that does not expressly provide one. Id. at 1210.

Pursuant to <u>Cort</u>, the Court must weigh four factors to determine whether a statute implies a private cause of action:

> (1) Is the plaintiff one of the class for whose "especial benefit" the statute was enacted; that is, does the statute create a federal right in favor of the plaintiff?
> (2) Is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?
> (3) Is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?

>(4) Is the cause of action one traditionally relegated to state law, so that it would be inappropriate to infer a cause of action based solely on federal law? Cort, 422 U.S. at 95

Clearly the first factor is met here. As held by Judge Weiner, Section 1981 as amended, by its plain terms, provides that it creates federal-civil rights in favor of "all persons" to be "protected against impairment by nongovernmental discrimination and impairment under color of State law." Watkins at 5; Federation, 96 F.3d at 1211; 42 U.S.C. § 1981(a)-(c).

Likewise, Judge Weiner found the second Cort factor is also met. Watkins at 5. The Congressional committee reports on the 1991 amendment, as held in Federation, "clearly contemplate that § 1981 rights are to receive parallel protections against state actors and private actors" and "implying a direct cause of action against state actors under 42 U.S.C. § 1981 is consistent with this intent." *Id.* at 1212-13 *citing* H.Rep. No. 102-40(I), 102d Cong., 1st Sess. 92, reprinted in 1991 U.S.C.C.A .N. 549, 630; H.Rep. No. 102-40(II), 102d Cong., 1st Sess. 37, reprinted at U.S.C.C.A.N. 694, 731). The Congress expressly found that it needed to overrule recent precedent, like Jett, "by expanding the scope of relevant civil rights statutes" and needed "to provide additional protections against unlawful discrimination in employment." Pub.L. 102-166, Sections 2-3. The legislative intent was to "prohibit racial discrimination in all contracts, both private and public." Federation, 96 F.3d at 1213 (citing

H.Rep. No. 102-40(II) at 731). Thus, the amendment was clearly indication of legislative intent to create a remedy against both private and government defendants.

Further, an implied cause of action under § 1981(c) against state actors is consistent with the purposes of the 1991 Civil Rights Act, satisfying the third Cort factor. As held by Judge Weiner, by allowing a direct cause of action against all state actors through Section 1981, the amendment complements the overall legislative scheme "by providing an additional remedy to deter intentional discrimination and unlawful harassment, and operating to ensure the adequate protection of victims of discrimination." Watkins at 5, *citing* Federation, 96 F.3d at 1214.

Finally, Judge Weiner held the fourth Cort factor is also plainly met as it is axiomatic that the protection of federal civil rights has been a traditional role of the federal, not state, law. Watkins at 5. This is made crystal clear by the defendants' actions in removing this case to Federal Court, and the rules that allows removal. Accordingly, the Federation court held that "private causes of action against state actors who impair federal civil rights have **not** been traditionally relegated to state law." Federation, 96 F.3d at 1214 (emphasis in original).

As a result, Judge Weiner, like the Ninth Circuit and

numerous other District Courts, held that "§ 1981(c) now **also** contains an implied cause of action against state actors who 'impair' a claimant's § 1981 rights." <u>Watkins</u> at 5; <u>Federation</u>, 96 F.3d at 1213 (emphasis in original).  Congress explicitly determined to overrule recent Supreme Court cases limiting Section 1981 rights and expressly found that it needed to broaden those rights.  Accordingly it amended Section 1981 to add Subsection (c) which expressly provides that Section 1981 protects not only against discrimination by private employers, but also against "impairments **under color of State law**."  Thus, there is an independent direct cause of action under Section 1981 against state actors.

## II. AMENDMENT OR CLARIFICATION IS APPROPRIATE TO ENSURE THAT THIS CASE IS DETERMINED ON THE MERITS AND IS NOT DISRUPTED BY PROCEDURAL TECHNICALITIES.

Defendants argue without basis that proposed amendment should not be allowed because amendment would be futile because Section 1983 does not allow a cause of action against the Board or individuals in their official capacities. (Brief at 8). Defendants also incorporate their pending Motion for Summary Judgment to argue that the proposed amendment would be futile because this Court does not have jurisdiction. (Brief at 7-8). Both arguments are without basis.

### A. THE COURT SHOULD FOLLOW THE CASE LAW THAT THE SECTION 1981 CLAIMS INCLUDE ASSERTION OF SECTION 1983.

The plaintiff is asking only that this Court clarify Count I to make it clear that Count I raises claims under both Section 1981 and Section 1983. Amendment would not be futile because the law of the case is clear that there is a cause of action independent of Section 1983 to remedy violations of Section 1981 rights. Watkins v. PA Bd of Probation and Parole, 2002 WL 32182088, at 5-6 (Weiner, J.) (E.D.Pa. 2002). That has not changed.

The defendants argue without basis, that leave to amend should be denied because Section 1983 does not allow a claim as to the Board and as to the individual defendants in their official capacity. (Brief at 8). However, this is not relevant because, as shown above at pages 6 through 11, Section 1981

allows such claims and the Count for violation of Section 1981 is not being dismissed.

### 1.  CLARIFICATION IS NOT OPPOSED.

The defendants completely ignore the fact that the plaintiff requests alternatively that the Court "clarify" the Section 1981 claim.  The plaintiff's motion asks to expressly recognize the <u>additional</u> implicit claim for Section 1983, not to substitute Section 1983.  This is clearly appropriate.

The "decisional law is virtually unanimous that a complaint need not specifically refer to § 1983, so long as the essential elements of the claim are pled." Schwartz, et al. <u>Section 1983 Litigation</u>, § 1.06[a], p 1-48 (2005).  This circuit held the Court may declare that a Section 1983 claim is implicitly alleged against defendants because plaintiff "asserts statutory claims based on violations of a federal statute."  <u>Thorstenn v. Barnard</u>, 883 F.2d 217, 218 (C.A.3 1989).

Because the courts are divided, plaintiff seeks to clarify the complaint to insure that this case is decided on the merits, not on the technical issue of whether Section 1983 has been raised, should the law change at some late stage of the case.  As clearly stated in the proposed Amended Complaint, the plaintiff seeks to clarify or amend to make it clear that he is claiming redress for violations of both Section 1981 and Section 1983.

### 2.  AMENDMENT IS APPROPRIATE.

Amendment is appropriate because the issue is undecided in the Third Circuit and the Supreme Court and there is a strong federal policy that "litigation, where possible, should be decided on the merits." Kauffman v. Moss, 420 F.2d 1270, 1276 (C.A.Pa. 1970); Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). F.R.C.P. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." It is undisputed that a cause of action exists for violation of Section 1981 rights under Section 1983 against individual state actors in their individual capacity. (Brief at 8-9). By clarifying the complaint to include assertion of Section 1983, it will make it clear that, in case the Third Circuit or the Supreme Court eventually decides the Section 1981 issue differently from Judge Weiner and the Ninth Circuit, the claims against the individual defendants would remain unaffected.

Thus, so that the case may be decided on its merits instead of technical legal issues ans because clarification is unopposed, the Complaint should be clarified to include the assertion of the Plaintiff's Section 1981 rights in Section 1983 against the individual defendants.

**B.   AS SHOWN IN PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AMENDMENT WOULD NOT BE FUTILE BECAUSE THIS COURT HAS JURISDICTION OVER PLAINTIFF'S CLAIMS.**

Defendants filed a Motion for Summary Judgment which is still pending, arguing without basis that the 1995 Settlement

Agreement requires that this case be dismissed. This Court has jurisdiction over the Plaintiff's claims. Defendants' memorandum sets forth no arguments on this issue and merely incorporates their summary judgment motion.

Accordingly, plaintiff incorporates by reference his response to defendants' motion for Summary Judgment, as though fully set forth herein.

Further, for the reasons set forth in Plaintiff's Answer and Memorandum in Opposition to Defendants' Motion for Summary Judgment, at 11-33, the arbitration clause in the prior settlement agreement does not control this suit and this Court has jurisdiction. Thus, amendment would not be futile.

**CONCLUSION**

For the foregoing reasons, and those in Plaintiff's Main Brief, defendants' Cross-Motion to Dismiss should be denied and the Court should grant the Plaintiff's Motion for Leave to Amend, and/or clarify and declare that the Section 1981 count will be read to implicitly include stated claims under Section 1983.

Respectfully submitted,

\_\_\_/S/ rjs1531_____
ROBERT J. SUGARMAN
Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES, PC
11th Floor, Robert Morris Bldg.
100 North 17th Street
Philadelphia, PA 19103

(215)864-2500 - Telephone
(215)864-2501 - Facsimile
rjsugarman@aol.com

Date: June 8, 2006

## **CERTIFICATE OF SERVICE**

I, Carl Ewald, certify that I delivered the Plaintiff's Answer and Memorandum in Opposition to Defendants' Cross Motion to Dismiss to the following counsel by **first-class mail** on this date:

>Gino J. Benedetti, Esquire
>Miller, Alfano & Raspanti, P.C.
>1818 Market Street, Suite 3402
>Philadelphia, PA 19103
>(215) 972-6400

 

_____
CARL W. EWALD

Dated: June 8, 2006

F:\Watkins\Pleadings\Reply Brief Mot to Amend.wpd