```
         IN THE UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| HENRY WATKINS,           : | NO. 02-CV-2881 |
|     Plaintiff,         : | |
|                         : | |
| v.                      : | |
| PENNSYLVANIA BOARD OF   : | |
| PROBATION & PAROLE,     : | |
| EDWARD JONES, and MICHAEL BUKATA  : | |
|     Defendants.       : | |

### ORDER

AND NOW, on this _____ day of _____, 2006, upon consideration of Defendants' Motion for Leave to File a Reply Brief to Plaintiff's Opposition to Defendants' Cross-Motion to Dismiss Count I of Plaintiff's First Amended Complaint is GRANTED, and Defendants' Reply Brief attached to their Motion is deemed filed.

BY THE COURT:

_____ J.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY WATKINS,<br>      Plaintiff,<br><br>v.<br><br>PENNSYLVANIA BOARD OF<br>PROBATION & PAROLE,<br>EDWARD JONES, and MICHAEL BUKATA<br>      Defendants | NO. 02-CV-2881 |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY BRIEF
TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
CROSS-MOTION TO DISMISS COUNT I OF PLAINTIFF'S
FIRST AMENDED COMPLAINT**

Pursuant to Local Rule 7.1(c), Defendants, the Pennsylvania Board of Probation and Parole (the "Board"), Willie E. Jones (improperly pled as Edward Jones) ("Mr. Jones") and Michael Bukata ("Mr. Bukata")(collectively the "Defendants"), by their attorneys, respectfully submit this Motion for Leave to File a Reply Brief to Plaintiff's Opposition to Defendants' Cross-Motion to Dismiss. Defendants seek permission to file their Reply to address inaccurate assertions contained in Plaintiff's Opposition Brief. Attached hereto as Exhibit A is Defendants' Proposed Reply Brief.

Respectfully Submitted,

MILLER, ALFANO & RASPANTI, P.C.

By: _____
GINO J. BENEDETTI, ESQUIRE
LISA R. MARONE, ESQUIRE
Attorney I.D. Nos. 59584; 200305
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 972-6400
Attorney for Defendants,
Pennsylvania Board of Probation and
Parole, Willie E. Jones, and Michael
Bukata

DATED: June 16, 2006

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY WATKINS, | : |
| Plaintiff, | : NO. 02-CV-2881 |
| v. | : |
| PENNSYLVANIA BOARD OF PROBATION & PAROLE, EDWARD JONES, and MICHAEL BUKATA | : |
| Defendants | : |

**DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' CROSS-MOTION TO DISMISS COUNT I
OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, the Pennsylvania Board of Probation and Parole (the "Board"), Willie E. Jones (improperly pled as Edward Jones) ("Mr. Jones") and Michael Bukata ("Mr. Bukata") (collectively the "Defendants"), by their counsel, Miller, Alfano & Raspanti, P.C., respectfully submit this Memorandum of Law in further support of their Reply to Plaintiff's Opposition to Defendants' Cross-Motion to Dismiss Count I of Plaintiff's First Amended Complaint.

I.  **PRELIMINARY STATEMENT**

This matter is before the Court because Plaintiff filed a Motion to Amend his complaint for a second time. Plaintiff seeks such relief because he is uncertain that his claims are pled properly. Specifically, Mr. Watkins' complaint, as it currently reads, does not advance a claim under 42 U.S.C. § 1983. Rather, it

alleges 42 U.S.C. § 1981 claims as an independent cause of action. Mr. Watkins seeks to amend his complaint because he is concerned that a prior Order entered in this case is no longer valid law. Yet, in his opposition, Mr. Watkins argues that the Order is valid law that binds Defendants and precludes their motion to dismiss under the law of the case doctrine. Mr. Watkins cannot have his cake and eat it too.

Mr. Watkins' Motion for Leave to Amend his complaint is nothing more than a request that this Court review Judge Weiner's prior Order to decide whether it will allow an amendment because the Order may contravene the law. If an amendment is not permitted, Plaintiff hopes to create an appealable issue if his independent Section 1981 claims are later dismissed for failure to allege a Section 1983 claim. Mr. Watkins cannot ask this Court to consider the 1981/1983 argument for his motion to amend, while arguing at the same time that this Court cannot consider the same argument for Defendants' motion to dismiss. Put simply, Mr. Watkins cannot use Judge Weiner's Order as both a sword and shield, as such a position is inequitable and intolerable.

II. ARGUMENT

Defendants should be permitted to move under Fed.R.Civ.P. 12(c) for two reasons. First, as set forth in Defendants' moving papers (and as agreed to by Plaintiff, see Pl. Br. in support of his Motion at P. 6), there is strong indication that there has been a change in law. Second, the order denying Defendants' motion to

dismiss was an interlocutory order. See McNasby v. Crown Cork and Seal Co., Inc., 832 F.2d 47, 49 (3d Cir. 1987). Interlocutory orders "remain open to reconsideration and do not constitute the law of the case." Martin v. Port Auth. Transit of Allegheny County, 115 Fed. Appx. 556, 559 (3d Cir. 2004)(citing Perez-Ruiz v. Crespo-Guillenm, 25 F.3d 40, 42 (1st Cir. 1994)).

In Perez-Ruiz, the plaintiffs argued that a denial of a motion to dismiss based on the statute of limitations was the law of the case, and that a subsequent dismissal on those grounds was improper. Perez-Ruiz, 25 F.3d at 42. The court found that a **ruling denying a motion to dismiss is not the law of the case** and is not final. Id. (emphasis added). Moreover, the law of the case doctrine is not an "absolute bar to reconsideration nor a limitation on a federal court's power." Id. (citing United States v. Rivera-Martinez, 931 F.2d 148, 150-51 (1st Cir), cert. denied 502 U.S. 862 (1991)).

Accordingly, this Court should not be swayed by Mr. Watkins' opposition as it is based on the erroneous premise that the "law of the case" prevents this Court from dismissing his Section 1981 claims. Furthermore, Mr. Watkins argues, in his opposition, that there has "been no subsequent change in the law," (see Pb. at P. 3-4) and that there is no "reason to revisit this issue" (see Pb. at P. 6). However, in his moving papers, Mr. Watkins argued that he sought amendment "fearing a change of decision," (see Motion at ¶ 5) and "due to very recent decisions rejected [sic.] Judge Weiner's analysis and the split among the circuits that have decided the

issue" (see Pb. in support of Motion at P. 6). These contrary positions elucidate Mr. Watkins' attempts to have the best of both worlds. If Mr. Watkins seeks this Court's permission to protect himself from the potentially erroneous ruling of Judge Weiner, then it is disingenuous for him to argue that Defendants cannot seek the identical relief. Accordingly, this Court should dismiss as futile Mr. Watkins' Section 1981 claims against all Defendants.

Based on the foregoing, Defendants respectfully request this Court to enter an Order dismissing Count I of Plaintiff's First Amended Complaint and denying Plaintiff's motion to amend his Complaint.

        Respectfully Submitted,

        MILLER, ALFANO & RASPANTI, P.C.

By: _____
   GINO J. BENEDETTI, ESQUIRE (GJB320)
   LISA R. MARONE, ESQUIRE (LRM4481)
   Attorney I.D. Nos. 59584; 200305
   1818 Market Street, Suite 3402
   Philadelphia, PA 19103
   (215) 972-6400
   Attorney for Defendants,
   Pennsylvania Board of Probation and
   Parole, Willie E. Jones, and Michael
   Bukata

DATED: June 16, 2006

CERTIFICATION OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Motion for Leave to File a Reply Brief to Plaintiff's Opposition to Defendants' Cross-Motion to Dismiss, and supporting documents on behalf of Defendants, Pennsylvania Board of Probation & Parole, Willie E. Jones and Michael Bukata has been served on this date on the individual and in the manner listed below:

**VIA HAND DELIVERY**

Robert J. Sugarman
11th Floor, 100 No. 17th Street
Robert Morris Building
Philadelphia, PA 19103

Attorney for Plaintiff

By: _____
GINO J. BENEDETTI, ESQUIRE
LISA R. MARONE, ESQUIRE
Attorney I.D. Nos. 59584; 200305
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 972-6400
Attorney for Defendants,
Pennsylvania Board of Probation and
Parole, Willie E. Jones, and Michael
Bukata

Dated: June 16, 2006