**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| **HENRY WATKINS** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **NO. 02-CV-2881** |
| : | |
| **PENNSYLVANIA BOARD OF PROBATION** : | |
| **& PAROLE, EDWARD JONES, AND** : | |
| **MICHAEL BUKATA** : | |
| : | |
| **Defendants.** : | |

---

## ORDER

AND NOW, this ____ day of _____, 2006, upon
consideration of plaintiff's Motion for Leave to Supplement
Plaintiff's Memorandum in Opposition to Defendants' Summary
Judgment Motion,

It is ORDERED that the Motion is GRANTED and Plaintiff's
Supplemental Memorandum attached to his Motion is deemed filed.


                                        BY THE COURT,


                                        _____
                                        John P. Fullam, J.


F:\Watkins\Pleadings\Resp.IROG

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| HENRY WATKINS | : |
| | : |
|         Plaintiff, | : |
| | : |
|        v. | :  NO. 02-CV-2881 |
| | : |
| PENNSYLVANIA BOARD OF PROBATION | : |
| & PAROLE, EDWARD JONES, AND | : |
| MICHAEL BUKATA | : |
| | : |
|        Defendants. | : |

---

## MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' SUMMARY JUDGMENT MOTION

Pursuant to Local Rule 7.1(c), plaintiff respectfully moves for leave to supplement Plaintiff's Memorandum in Opposition to Defendants' Summary Judgment Motion and avers in support thereof as follows:

1.    Plaintiff seeks permission to file the Supplemental Memorandum, attached hereto as Exhibit A, to address new arguments raised by defendants in their reply brief.

2.    As established by summary judgement practice the defendants does not have to argue evidence initially.

3.    On summary judgment, the burden is placed on the non-moving party to make a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

4.    Accordingly, the defendants' reply brief is in effect their first brief responsive to plaintiff's arguments and evidence.

5.    Defendants newly argue in their reply brief that the affidavits of the plaintiff and counsel should be disregarded.

6.    Therefore, supplementation is necessary to afford plaintiff the opportunity to address these issues newly raised by the defendants in their reply brief.

Wherefore, plaintiff respectfully requests that the Court grant the plaintiff's Motion for Leave to Supplement Plaintiff's Memorandum in Opposition to Defendants' Summary Judgment Motion, and deem Plaintiff's Supplemental Memorandum attached as Exhibit A to this Motion filed.

                                    /S/ rjs2261
                                    ROBERT J. SUGARMAN
                                    Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES, PC
11th Floor, Robert Morris Bldg.
100 North 17th Street
Philadelphia, PA 19103

(215)864-2500 - Telephone
(215)864-2501 - Facsimile
rjsugarman@aol.com

Date: June 30, 2006

F:\Watkins\Pleadings\Resp.IROG

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| HENRY WATKINS | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    NO. 02-CV-2881 |
| | : |
| PENNSYLVANIA BOARD OF PROBATION | : |
| & PAROLE, EDWARD JONES, AND | : |
| MICHAEL BUKATA | : |
| | : |
| Defendants. | : |

---

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

Plaintiff submits this Supplemental Memorandum in Opposition to the Defendants' Motion for Summary Judgment to address the new defective arguments raised by defendants in their Reply Brief.

### COUNTER STATEMENT OF "UNDISPUTED MATERIAL FACTS"

Defendants list seven purported facts in a misleadingly titled "Statement of Undisputed Material Facts". (Reply Brief at 2). The purported facts stated by the defendants are, in fact, disputed as follows:

1&6. It is agreed that Watkins was a party, along with the Board, to a settlement agreement in 1995. The terms of that agreement speak for themselves and defendants' characterization is denied. Defendants completely ignore the rights provided in paragraph 7. Moreover the defendants AAO officer, LeDelle

Ingram, testified she could not follow the ADR process because
did not have access to the settlement agreement. (N.T. 7/19/2000
at 71).  As made clear in the Plaintiff's main brief, at 11-25,
under the terms of the agreement, plaintiff is entitled to sue
because the agreement was unconscionable, the defendants failed
to implement the agreement, and the Agreement specifically
authorized suit in the event of "any alleged breach." (¶ 7).

5.   Watkins did attempt to invoke the ADR process in
contemporaneous aspects of the dispute. (Watkins' Supplemental
Affidavit, Exhibit 1; Ingram Dep at 18, 90, Exhibit 2; Roy Letter
attached as Exhibit 3; Watkins affidavit dated June 19, 2006;
Watkins dep. at 37).  Although defendants dispute this, their
Affirmative Action Officer and attorney corroborated Watkins'
attempts to invoke the ADR process.

7.   Contrary to defendants, the evidence shows that the
Board communicated to the plaintiff through its attorneys that
the ADR process would not be implemented and/or followed and was
futile. (Sugarman Affidavit; Sugarman Deposition at 19-20; Roy
Letter Ex. 3; Memo 12-24-1997).

Defendants admit these factual issues are material. (Reply
Brief at 2).  Thus, as shown, the defendants' proffered
"undisputed material facts" are actually disputed issues of
material fact and summary judgment must be denied. F.R.C.P. Rule
56.

**ARGUMENT**

**I.   THE COURT SHOULD ACCEPT WATKINS' AND COUNSEL'S AFFIDAVITS AS TRUE.**

Defendants erroneously argue that the Court should disregard Watkins' and counsel's affidavits because they are allegedly inconsistent with their deposition testimony.  (Reply Brief at 3-5).  Their argument is unsupported by the facts and offensive. Watkins' affidavit, along with the voluminous amounts of evidence before this Court and the deposition testimony are consistent and show that numerous issues of fact remain that preclude summary judgment.

Defendants seek to manufacture an exception to the rule of summary judgment by arguing that the affidavits are inconsistent with deposition testimony. (Reply Brief at 4). This is not true. It is axiomatic that, in deciding a motion for summary judgment, the Court must consider the evidence in the light most favorable to the non-moving party and "is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**A.   WATKINS' AFFIDAVIT AND TESTIMONY ARE CONSISTENT.**

Defendants seek to manufacture an inconsistency by confusing two questions.  Those questions are clearly different; Watkins' responses are not inconsistent.  They are:

1.    Did Watkins attempt to invoke the ADR process
instead of filing this suit in response to his August
5, 2001 termination?

and

2.    Did Henry Watkins and other parties to the
agreement attempt to invoke the ADR process in
contemporaneous situations from 1995-2001?

These are two distinct issues.  This is very clear in

Watkins' deposition.  Defendants' attorney asked Watkins:

Q    and was it your understanding that the alternative
dispute resolution in paragraph six was your exclusive
remedy for complaints that you had after this agreement
about discrimination and/or harassment?
A    At the time is was.
Q    Did that understanding ever change?
A    Yes.
Q    Why?
A    Because the alternative system never worked. (N.T.
April 3, 2003, at 31).

Thus, the distinction is clear.  Watkins attempted to use

the ADR system and so did other members of the Sentinels after

the settlement agreement, but did not invoke ADR instead of

filing this suit because the defendants had made it clear that

attempting to invoke the process was futile; they would not

comply with their obligations.  (Exhibit 1).  Yet the defendants

seek to conflate them.

Contrary to defendants' selective and misleading quotations,

Watkins testified at his deposition that he did attempt to invoke

the arbitration process.  When asked if he had ever filed "any

claims or make any complaints to the American Arbitration

Association, concerning what you believe to be discrimination

and/or harassment at the Board", he testified that he had;

"Through my attorney." (N.T. 4/3/03 at 37).   In the end, he was

asked:

> What I really want to know is, if there was some
> communication to the Board about your efforts to start
> an arbitration, whether that communication came from
> you or came on your behalf through your lawyers to the
> Board?(N.T. 4/3/03 at 37).

Watkins testified "**yes**", (N.T. 4/3/03 at 37), he had

communicated to the Board to start an arbitration.

With regard to question one, after many other efforts, Henry

Watkins did not attempt to invoke the ADR process instead of

filing this suit. (Watkins' Supplemental Affidavit, Exhibit 1).

He has consistently stated throughout this litigation that he did

not invoke the ADR process instead of filing this suit because it

was clear from prior experience that the process was futile.

(Complaint ¶7, 27; Amended Complaint ¶7, 27; Proposed Second

Amended Complaint ¶7, 27; N.T. 4/3/03 at 37; Interrogatory

Answers Dated: December 27, 2002).  This is the same as his

testimony in his affidavit. (Affidavit at ¶15).  His story did

not change.

With regard to question two, likewise, his affidavit is

consistent with his testimony.  He and other parties to the

agreement repeatedly attempted to invoke the ADR on

contemporaneous issues through LeDelle Ingram, Thomas Marshall,

Chairman Ward, and attorneys Roy and Blondman. (Affidavit at ¶2;

Complaint ¶27; Amended Complaint ¶27; Proposed Second Amended
Complaint ¶27; Deposition N.T. 4/3/03 at 37, 40).

Even though it is clear that Watkins testified at his
deposition that he had attempted to invoke the ADR process in the
past, the defendants cite generally to nine pages of transcript
but then crop out of context two statements that they allege are
contradictory.  (Brief at 4, citing Deposition pages 33-41).  As
the transcript demonstrates, the questioning was very confusing
because counsel for the defendants failed and/or refused to
constrain his questions to non-privileged issues and repeatedly
asked misleading questions.  In fact, counsel even admitted on
numerous occasions that his questions were confusing and/or
improper. (*See* N.T. 4/3/03 at 30, 32, 33, 34, 37).  With all of
the defendants' admittedly improper and confusing questions, it
is hard to imagine how any clear testimony could be elicited.

What is clear is that Watkins' affidavit is consistent with
his Complaint and answers to defendants' interrogatories.  In the
Complaint (¶7), Amended Complaint (¶7), and Proposed Second
Amended Complaint (¶7), Watkins consistently averred in each
document that defendants suborned the alternative dispute
resolution "provision by refusing to implement it". (Exhibit 1).
Despite Watkins' and the other parties' attempts to invoke it,
the defendants suborned its implementation.  In his answers to
Interrogatories, Watkins provided:

**Interrogatory 2**: State with specificity all facts supporting the allegations set forth in Paragraph 7 of your Complaint.
**RESPONSE**: **Alternative dispute resolution was requested**, but defendants suborned this provision of the Settlement Agreement. (*emphasis added*, Answers Dated: December 27, 2002).

Thus, Watkins has consistently sworn throughout these proceedings that he and other parties to the agreement requested ADR in contemporaneous issues.  (Exhibit 1).

Defendants attempt to improperly blur the distinction to manufacture an inconsistency.  But, the standard is clear: inconsistency cannot be manufactured, the Court must consider the evidence in the light most favorable to Watkins; the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

Moreover, defendants' argument is patently offensive because the facts they ask this Court to ignore are facts that their own witnesses corroborated and admit are true.  The only alleged inconsistency that the defendants point to in asking this Court to disregard Watkins' affidavit is the issue whether Watkins had ever attempted to use the ADR process.  **Ledelle Ingram, the AAO officer to whom complaints were supposed to be filed under the ADR provisions, admitted that Watkins had filed a complaint. (Ingram Dep at 18, 90, Exhibit 2)**.  **Additionally, the letter of the Board's attorney, Scott Roy, shows he referred plaintiff to the Union when he requested ADR.** (Letter attached as Exhibit 3).

Ingram's testimony was very specific on this point. She specifically admitted that Watkins filed a complaint and that she never conducted an informal conference to resolve the complaint despite the requirements of Paragraph 6(b). (Ingram Dep at 64, Exhibit 2).  She remembered in detail that she instead assigned the Complaint to an employee named Freeman. (Ingram Dep at 93, Exhibit 2).  Ingram also remembered that she believed Freeman was incompetent and had failed to properly perform investigations, again corroborating Watkins that the Board failed to implement the ADR procedure. (Ingram Dep at 93, Exhibit 2).

The letter of Attorney Roy also corroborates the testimony of counsel and Watkins that counsel attempted to invoke the ADR process but was told that the parties to the settlement agreement "must be referred to AFSCME" instead. (Exhibit 3).

Thus, defendants ask this Court to ignore facts that their own witnesses corroborated and admitted are true.  They ask this Court to abandon the standard and find, contrary to the testimony and affidavit of Watkins and Ingram's admissions, as a matter of law that Watkins never complained or attempted to invoke the ADR process.

Based on the foregoing, it is clear that there is no conflict between the deposition testimony of Watkins and his affidavit.

**B.   COUNSEL'S AFFIDAVIT IS CONSISTENT WITH HIS DEPOSITION AND THE AFFIDAVIT OF WATKINS.**

Defendants also make the frivolous argument that the Court should disregard Counsel's affidavit because they claim it is inconsistent with his deposition testimony and Watkins' affidavit. (Reply Brief at 5-7).  This is error.  Counsel's affidavit is entirely consistent with his deposition testimony and, if relevant, with Watkins' Affidavit.  As shown above, at 1-7, Watkins' affidavit statements that he had complained to Ingram and Marshall relate to prior or contemporaneous issues of discrimination.  Both counsel and Watkins have all along stated that Watkins did not invoke the ADR process instead of filing this suit because prior attempts to invoke the ADR process proved such effort would be futile.

Moreover, defendants' misrepresent counsel's deposition testimony.  The mischaracterizations are so flagrant that they appear to be in violation of Rule 11.  Defendants make the astoundingly false statement that counsel, at his deposition, could not identify a single document or conversation that would show the ADR process was not operative and argue that his affidavit should be disregarded because it newly identifies documents or conversations. (Reply Brief at 5-6). This could not be any more misleading or false.  In the few pages of counsel's deposition that defendants attached to their motion, counsel identified no fewer than twenty-two documents and additionally

identified conversations with Ingram, Mark Blondman, and Alaine
Williams stating that the Board would not follow the ADR process.
(Sugarman Dep at 12, 14-19, Exhibit 4 hereto).  Defendants'
argument is clearly made in bad faith in the hope that they can
overwhelm the plaintiff with frivolous motions or that plaintiff
will not be permitted to respond and their false statements will
stand unopposed.

Like Watkins, counsel's affidavit and deposition testimony
consistently state the same thing as the Complaint and all other
answers to discovery; Watkins did not attempt to invoke the ADR
process when the event occurred which led to this suit, but he
and other parties to the agreement repeatedly attempted to invoke
the ADR on contemporaneous issues through Ingram, Marshall, Roy,
Blondman, Ward and Williams.

**C.    EVEN IF THE PLAINTIFF MISUNDERSTOOD QUESTIONS AT HIS
DEPOSITION, THE COURT SHOULD NOT DISREGARD HIS AFFIDAVIT.**

Finally, even if there was an inconsistency, the cases cited
by defendants make it clear that disregarding an affidavit is an
equitable remedy that is only to be used in extreme circumstances
where no explanation exists for any proven inconsistency.
Clearly they are inapplicable here.

In <u>Martin v. Merrell Dow Pharmaceuticals, Inc.</u>, 851 F.2d
703, 705 (C.A.3 1988), the Court expressly held:

> sworn testimony can quite properly be corrected by a
> subsequent affidavit. Where the witness was confused at
> the earlier deposition or for some other reason

misspoke, the subsequent correcting or clarifying
affidavit may be sufficient to create a material
dispute of fact.

Martin holds that the Court could disregard the affidavit
because in that case no explanation was offered for
contradictions between the deposition testimony and an affidavit
offered only after the motion for summary judgment. *Id.* at 706.

Here it is different.  There is no conflict.  Watkins has
sworn throughout the proceedings that he did not invoke the ADR
process instead of filing this suit because he and the other
parties had attempted to invoke the ADR in the past and
defendants failed to implement it.  Moreover, defense counsel
admitted the very questioning the defendants cite to was improper
and confusing.  Additionally, Watkins and counsel testified in
their depositions that they had attempted to invoke the ADR
process in contemporaneous matters and plaintiff stated so in his
Complaint and his answers to interrogatories.  Further, the
defendants' own witnesses corroborate that Watkins had invoked
the process and the defendants failed to implement the process or
referred him to the union instead.

Thus, this is a completely different case than Martin.  To
apply Martin herein would turn equity on its head; it would
require the Court to pretend that the defendants' admissions
corroborating Watkins affidavit, the averments of the Complaint,
the answers to interrogatories and Watkins' and counsel's

consistent deposition testimony did not exist.

Likewise, Hackman v. Valley Fair, 932 F.2d 239 (C.A.3 1991), is completely different. In Hackman, summary judgement was granted because the Complaint was filed after the statute of limitations had expired.  In his deposition plaintiff admitted that he received notice of the alleged violation beyond the statute of limitations.  The Court held that it would disregard the affidavit because there was no satisfactory explanation for the inconsistency. Id. at 241.  The defendants' witnesses, the Complaint, the witnesses' depositions and the interrogatories did not corroborate the affidavit in Hackman, as they do here.

In Goff v. Bayada Nurses, Inc., 424 F.Supp.2d 816, 820 (E.D.Pa. 2006), the plaintiff made "no substantive argument" to explain why she had testified in deposition that she was a manager and changed her testimony in her affidavit to say she was not a manager and her duties were mostly clerical.  Again, the defendants' witnesses, plaintiff's discovery responses and pleadings did not corroborate the affidavit, as they do here. Moreover, the Court in Goff held that it would have granted summary judgment even if it had accepted the affidavit as true. Id.

There is no conflict between Watkins' affidavit and his deposition testimony.  Even if there was, his affidavit is corroborated by the defendants admissions, the averments of the

Complaint, the answers to interrogatories and Watkins' and
counsel's deposition testimony.  No grounds exist to disregard
the very well established law that "evidence of the non-movant is
to be believed, and all justifiable inferences are to be drawn in
his favor." Anderson, 477 U.S. at 255.

**II.  DEFENDANTS HAVE FAILED TO ADDRESS THE NUMEROUS MATERIAL
ISSUES OF FACT WHICH PRECLUDE SUMMARY JUDGMENT.**

It is axiomatic that summary judgment can only be granted if
there is "no genuine issue as to any material fact." Anderson,
477 U.S. at 255.  In response to defendant's Motion, plaintiff
identified at least five disputed issues of material fact
including:

1.  Whether the Board complied with the terms of the
    Agreement.
2.  Whether Watkins was required to utilize the ADR
    process.
3.  Whether Watkins attempted to utilize the ADR process.
4.  Whether the Board discontinued and/or refused to
    utilize the ADR process.
5.  Whether the Board breached the Agreement, authorizing
    suit pursuant to ¶7.

It is crystal clear that summary judgment must be denied
because defendants have failed to even address the effect of
paragraph seven or their failure to implement the ADR process
and, despite admissions, defendants dispute whether Watkins ever
attempted to utilize the ADR process.  They do not, and cannot,
allege that no material issues exist as to whether the defendants
breached thereby expressly permitting suit in this Court, whether
they failed to implement/utilize the ADR process or whether they

terminated the process.  As shown in plaintiff's main brief, at 13-26, any of these issues would, and did, give Watkins the right to file suit in lieu of the ADR process.  Accordingly, Summary Judgment must be denied.

**III. DEFENDANTS FAIL TO ADDRESS THE LAW THAT, IF THE COURT DETERMINES THAT THE AGREEMENT REQUIRES REFERRAL TO ARBITRATION, THE FEDERAL ARBITRATION ACT REQUIRES REMAND FOR ARBITRATION.**

In his main brief, at 30-1, plaintiff showed that the Federal Arbitration Act does not support the dismissal of claims for failure to bring those claims in arbitration.  Defendants failed to address the issue at all.  Thus, pursuant to Sections 3 and 4 of the FAA, if this Court were to find that the agreement requires arbitration, it should not dismiss; it should stay this action and refer it to arbitration. 9 U.S.C. § 3-4; Southland Corp. v. Keating, 465 U.S. 1, 13, 104 S.Ct. 852 (1984).

**CONCLUSION**

For the foregoing reasons and those in plaintiff's Main Brief, the Court should deny the defendants' Motion for Summary Judgment in its entirety.

Respectfully submitted,

  /S/ rjs2261
ROBERT J. SUGARMAN
Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES, PC
11th Floor, Robert Morris Bldg.
100 North 17th Street
Philadelphia, PA 19103

(215)864-2500 - Telephone
(215)864-2501 - Facsimile
rjsugarman@aol.com

Date: June 30, 2006

## **CERTIFICATE OF SERVICE**

I, Carl W. Ewald, certify that I delivered a copy of the Plaintiff's Motion for Leave to File Supplemental Memorandum in Opposition to Defendants' Motion for Summary Judgment to the following counsel by **first-class mail** on this date:

Gino J. Benedetti, Esquire
Miller, Alfano & Raspanti, P.C.
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 972-6400

_CWE 6250_____
CARL W. EWALD


Dated: June 30, 2006