**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————————————
HENRY WATKINS                         :
                                      :
               Plaintiff,             :
                                      :
        v.                            :    NO. 02-CV-2881
                                      :
PENNSYLVANIA BOARD OF PROBATION       :
& PAROLE, EDWARD JONES, AND           :
MICHAEL BUKATA                        :
                                      :
               Defendants.            :
———————————————————————————

**<u>ORDER</u>**

AND NOW, this ___ day of _____, 2006, upon consideration of Plaintiffs' Motion for Protective Order, and any response thereto, it is hereby Ordered that the Motion is Granted and;

It is ORDERED that defendants are prohibited from taking the depositions in <u>Roadcloud, et al. v. Pennsylvania Board of Probation & Parole, et al.</u>, No. 05-3787, of the witnesses listed on the attached Exhibit "A", whose depositions will be taken in this case.

BY THE COURT,

_____
                                , J.

F:\Working-DOCS-Sugarman\Watkins\Pleadings\Motion for Protective Order.wpd

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

HENRY WATKINS                          :
                                       :
             Plaintiff,                :
                                       :
         v.                            :      NO. 02-CV-2881
                                       :
PENNSYLVANIA BOARD OF PROBATION        :
& PAROLE, EDWARD JONES, AND            :
MICHAEL BUKATA                         :
                                       :
             Defendants.               :
_____

## MOTION FOR PROTECTIVE ORDER

Plaintiff hereby moves that the Court issue a Protective Order, and aver in support thereof the following:

1.  The present case is one of a number of cases of employee claims of racial discrimination and retaliation which have asserted a pattern of such discrimination and retaliation on the part of the defendant Board of Probation and Parole, acting through its headquarters in its Philadelphia District Office, brought by employees-parole agents and others.

2.  This Court authorized the defendants to conduct more than twenty depositions (in addition to eight previously conducted depositions), largely of Board employees.  (A copy of a letter listing such employees dated September 7, 2006, is attached hereto as Exhibit "A".)  In a concurrent case pending in this District, Roadcloud, et al. v. Pennsylvania Board of Probation & Parole, et

al., No. 05-3787, the defendants have asserted the right to conduct those very same depositions again.

3.    Testimony as to the overall pattern of discrimination in the Parole Board is relevant to each individual case. Accordingly, the evidence as to the pattern will be relevant in this case as well as in Roadcloud.

4.    Accordingly, plaintiff proposed to counsel for the Board in both cases that the depositions of these individuals be taken once, to be used in both cases.

5.    Counsel for the Board and Jones in the this case, Gino Benedetti, is also counsel for defendant Daniel Solla in Roadcloud. Benedetti agreed for "defendants" to conduct joint depositions to be used in both cases.  (Exhibit "B").

6.    Thereafter, however, Randall Henzes, counsel for some of the defendants, including the Board and Jones, in Roadcloud, repudiated the agreement.  (Exhibit "C").  Plaintiff has in good faith conferred with Mr. Henzes in an effort to resolve the dispute without court action, but such effort was unproductive.

7.    Duplicative depositions are both unnecessary and an unreasonable and oppressive burden on plaintiff herein.

8.    There is no need or justification, and none has been asserted, other than a bald assertion of right, for conducting duplicative depositions.

9.    Although there will undoubtedly be some separate facts

related to each case, the subject matter of the depositions will be common, and will be admissible as evidence of discrimination against the defendants in each case; that is, discrimination against plaintiffs in either case will be admissible in the other case as evidence of a pattern of discrimination and retaliation and on credibility of discrimination and retaliation against each individual plaintiff. (<u>Fuentes v. Perkskie</u>, 32 F.3d 759 (1994)(testimony is admissible that the "employer treated other, similarly situated persons not of his protected class more favorably, or that the employer has discriminated against other members of his protected class or other protected categories of persons".). In <u>Russ-Tobias v. Penn. Bd. of Prob. and Parole</u>, No.04-0270, 2006 WL 516771 (E.D.Pa. 2006), Judge O'Neill held that there was adequate evidence presented to support the jury's finding of a pattern of racial discrimination and retaliation by defendants Jones and the Board.

WHEREFORE, plaintiff prays that this Court order and decree that defendants may not take the depositions in the concurrent case, <u>Roadcloud, et al. v. Pennsylvania Board of Probation & Parole, et al.</u>, No. 05-3787, of the witnesses listed on the attached Exhibit "A", whose depositions will be taken in this case.

RJS 2261
ROBERT J. SUGARMAN

F:\Working-DOCS-Sugarman\Watkins\Pleadings\Motion for Protective Order.wpd

Attorney for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215)864-2500 - Telephone
(215)864-2501 - Facsimile
rjsugarman@aol.com

DATED: October 4, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
HENRY WATKINS                           :
                                        :
            Plaintiff,                  :
                                        :
       v.                               :    NO. 02-CV-2881
                                        :
PENNSYLVANIA BOARD OF PROBATION         :
& PAROLE, EDWARD JONES, AND             :
MICHAEL BUKATA                          :
                                        :
            Defendants.                 :
_____

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Plaintiff submits this brief in support of his Motion for Protective Order pursuant to F.R.C.P. Rule 26(c).

### Facts/Procedure

This case is one of a number of racial discrimination and retaliation cases which have been asserted by employees of the Defendant Parole Board against the Board and several of its supervisory employees.  The claims involve a pattern of racial and/or sexual discrimination and retaliation on the part of the Board, acting through its headquarters in its Philadelphia District Office.

Roadcloud, et al. v. Pennsylvania Board of Probation & Parole, et al., No. 05-3787, is another such case concurrently pending in this District.  In this case the Board has been authorized to conduct more than twenty depositions, in addition

to eight previously conducted depositions. (See Exhibit "A" to Motion).  Most of the witnesses are current or former Board employees.  Depositions are currently scheduled for no fewer than fourteen business days, including twenty-one witnesses.

The witnesses' testimony is relevant to both cases relating to the overall pattern of discrimination in the Parole Board. Because the evidence as to the pattern will be relevant in this case as well as in <u>Roadcloud</u>, plaintiffs proposed to counsel for the Board in both cases that the depositions of these individuals be taken once, to be used in both cases.  Counsel for the Board and Jones in this case, Gino Benedetti, is also counsel for defendant Daniel Solla in <u>Roadcloud</u>.  He stated that defendants agreed to conduct joint depositions to be used in both cases. (Exhibit "B" to Motion). However, Randall Henzes, counsel for some of the defendants in <u>Roadcloud</u>, including the Board and Jones, repudiated the agreement.  (Exhibit "C" to Motion). Plaintiff has in good faith conferred with Mr. Henzes in an effort to resolve the dispute without court action, but such effort was unproductive. (See Certificate of Good Faith).

By refusing to conduct such depositions jointly, Mr. Henzes' clients will force the plaintiffs, and plaintiffs' counsel, to undergo duplicative depositions which will impose an unreasonable and oppressive burden on plaintiffs. To require the plaintiffs to defend those depositions in duplicate would needlessly impose a

massive burden on the plaintiffs; committing most of two months of work to only two cases where most of the second month would include repeating questions.  Moreover, such repetitive depositions impose an unfair burden on the witnesses who must leave their jobs or their homes to repeat their statements merely to accommodate the strategy or desire of the Board.

There is no need or justification for duplicate depositions, and none has been asserted. The defendants merely assert that they have a right to conduct duplicative depositions. Accordingly, the plaintiffs bring the within Motion for a Protective Order to protect the plaintiffs (and the witnesses) from annoyance, embarrassment, oppression, undue burden and expense.

## ARGUMENT

The Rules of Civil Procedure expressly bar discovery which is oppressive, unreasonable, redundant and/or overly burdensome. FRCP 26(B)(2) provides that parties are not permitted to propound as discovery "unreasonable and redundant requests" or "excessively burdensome requests."  Pursuant to F.R.C.P. Rule 26(c), the Court may enter a protective order barring depositions where justice requires.  Rule 26(c) provides, in relevant part:

> (c) Protective Orders.
> Upon motion by a party or by the person from whom
> discovery is sought, accompanied by a certification
> that the movant has in good faith conferred or
> attempted to confer with other affected parties in an
> effort to resolve the dispute without court action, and

> for good cause shown, the court in which the action is
> pending . . . may make any order which justice
> requires to protect a party or person from annoyance,
> embarrassment, oppression, or undue burden or expense,
> including one or more of the following:
>
> (1) that the disclosure or discovery not be had. . .

Thus, pursuant to Rule 26(c), this Court may bar the defendants from retaking the scheduled depositions to protect the plaintiff from annoyance, embarrassment, oppression, or undue burden or expense. Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986), *cert. denied*, 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987). (The Court in its discretion can enter a protective order upon a showing of good cause).

Here, the discovery requested by defendants in this case is vast and extremely burdensome. Where witnesses' testimony is relevant equally to both cases and, if allowed to perform duplicative depositions, parties will unnecessarily suffer from oppression, undue burden and expense. Counsel for plaintiffs will be tied up in those depositions for most of the month of October and into November. Depositions are currently scheduled for no fewer than fourteen days. All of the witnesses will testify relating to the conditions at the Parole Board and the patterns of racial discrimination and retaliation. Yet, the Board and Jones refuse to conduct the depositions jointly and asserts their position that they may notice and depose all depositions again in Roadcloud, casting upon plaintiffs the same

vast and extreme burden merely to support defendants' strategy and desire.

Although there will undoubtedly be some separate facts related to each case, the subject matter of the depositions will be common, and will be admissible as evidence of discrimination against the defendants in each case. Discrimination against plaintiffs in either case will be admissible in the other case as evidence of a pattern of discrimination and retaliation and on credibility of discrimination and retaliation against each individual plaintiff. The law is that testimony of other employees is admissible in a discrimination and/or retaliation cases to show that the "employer treated other, similarly situated persons not of his protected class more favorably, or that the employer has discriminated against other members of his protected class or other protected categories of persons". Fuentes v. Perkskie, 32 F.3d 759 (1994). In Fuentes, Judge Becker held that testimony "that the employer treated other, similarly situated persons not of [plaintiff's] protected class more favorably, or that the employer has discriminated against other members of his protected class or other protected categories of persons" is admissible as evidence of discrimination. Fuentes, at 765 (3d Cir.1994). In another Parole Board case, Russ-Tobias v. Penn. Bd. of Prob. and Parole, No.04-0270, 2006 WL 516771 (E.D.Pa. 2006), Judge O'Neill held

that the testimony that the defendants discriminated against "other members of his protected class or other protected categories of persons" is admissible and relevant. *citing* Fuentes, *supra*; McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804, 93 S.Ct. 1817 (U.S.Mo. 1973)(holding evidence that employees of another race were treated differently from the plaintiff under comparable circumstances is "[e]specially relevant"); Ansell v. Green Acres Contracting Co., Inc., 347 F.3d 515, 521 (3d Cir.2003). ("Evidence of an employer's conduct towards other employees has long been held relevant and admissible to show that an employer's proffered justification is pretext".

The facts at issue and the testimony of many of the witnesses were actually already given in Russ-Tobias and the witnesses were deposed for that case. So, this will actually be the fourth go around. In Russ-Tobias, Judge O'Neill held that the evidence was sufficient to allow the jury to find that the defendants were guilty of racial discrimination and retaliation.

As such, these witnesses are relevant both to the Roadcloud case and the within case. Accordingly, Gino Bennedetti, counsel for Defendant Solla in Roadcloud and all defendants including the Parole Board and Jones, in this case, agreed to conduct the depositions jointly in order to avoid duplicative depositions and undue burden and expense.

However, counsel for some of the defendants, including Jones

and the Parole Board, in <u>Roadcloud</u> has repudiated the agreement to joint depositions.  Plaintiffs have consulted with Henzes and requested that defendants change their position.  Plaintiffs have attempted through consultations and assurances to resolve any concerns.  However, on September 25, 2006, the defendants again refused to agree to joint depositions despite plaintiffs' efforts.  Counsel stated that he has a right to take the depositions independently and question the witnesses for eight hours on each deposition.

The Parole Board's position is unreasonable and oppressive. The Rules impose a standard limit of no more than 10 depositions in discovery.  Herein, the defendant Parole Board has already requested and been granted the right to well more than double the standard limit imposed by the rules.  Counsel is burdened with defending depositions for most of a month.  If defendants are permitted to unnecessary duplicate depositions of those witnesses in this trial, that already extreme burden will be extremely overbearing and oppressive.  Plaintiffs' counsel will be forced to commit most of two months just to defending depositions that are being taken twice based solely on the Parole Board and Jones' contention that they desires to do so.  They has no such right. As is made clear by Rule 26(B)(2) the Board is prohibited from "unreasonable and redundant requests" and "excessively burdensome requests" for discovery.

Thus, pursuant to Rule 26(c), justice requires that the defendants be barred from retaking any deposition in <u>Roadcloud</u> which the Parole Board is taking in the <u>Watkins</u> matter. The Court must act to protect the plaintiffs from depositions which are redundant and will oppress plaintiffs and force them to bear the grossly undue burden and expenses of defending duplicate depositions and committing more than two months of work product to those depositions.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should Order that defendants may not take the depositions in <u>Roadcloud</u> of the witnesses listed on the attached Exhibit "A", whose depositions will be taken in this case.

Respectfully Requested,

 RJS 2261
ROBERT J. SUGARMAN
Attorney for Plaintiffs

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215)864-2500 - Telephone
(215)864-2501 - Facsimile
rjsugarman@aol.com

DATED: October 4, 2006

CERTIFICATE OF GOOD FAITH

I, Robert J. Sugarman, certify that I have conferred in good faith conferred with Counsel for Defendants, Randall Henzes, in an effort to resolve the dispute without court action, but such effort was unproductive.  I have consulted with him on several occasions and requested that defendants change their position.  I have attempted through those consultations and assurances to resolve any concerns.  However, on September 25, 2006, the defendants again refused to agree to joint depositions despite my efforts.


 RJS 2261
ROBERT J. SUGARMAN


Dated: October 4, 2006

## CERTIFICATE OF SERVICE

I, Carl W. Ewald, certify that I have served a copy of the foregoing Motion for Protective Order to the following counsel by **electronic mail** on this date:

Lisa Marone, Esquire
Gino Benedetti, Esquire
Miller, Alfano & Raspanti, P.C.
1818 Market Street, Suite 3402
Philadelphia, PA 19103


CWE 6250
CARL W. EWALD


Dated: October 4, 2006