IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY WATKINS, <br><br> Plaintiff, <br><br> v. <br><br> PENNSYLVANIA BOARD OF PROBATION & PAROLE, EDWARD JONES, and MICHAEL BUKATA, <br><br> Defendants. | NO. 02-CV-2881 |

## ORDER

AND NOW, on this _____ day of _____, 2006, upon consideration of Defendants' Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, and Plaintiff's response in opposition thereto, it is hereby ORDERED that Defendants' motion is GRANTED.  Plaintiff Henry Watkins' Second Amended Complaint is dismissed with prejudice in its entirety.

BY THE COURT:

_____
HONORABLE JOHN J. FULLAM

```
                    IN THE UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| HENRY WATKINS,               : | |
|                                : | NO. 02-CV-2881 |
|      Plaintiff,      : | |
|                                : | |
|     v.                   : | |
|                                : | |
| PENNSYLVANIA BOARD OF        : | |
| PROBATION & PAROLE,          : | |
| EDWARD JONES, and MICHAEL BUKATA, : | |
|                                : | |
|      Defendants.     : | |

**DEFENDANTS' SUMMARY JUDGMENT MOTION**

Defendants, the Pennsylvania Board of Probation & Parole (the "Board"), Willie E. Jones (improperly pled as Edward Jones) ("Mr. Jones") and Michael Bukata ("Mr. Bukata"), by their attorneys, Miller, Alfano & Raspanti, P.C., respectfully submit this Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56, seeking an order dismissing with prejudice Plaintiff's Second Amended Complaint, and, in support thereof, state as follows:

    1.    On April 25, 2002, Plaintiff, Henry Watkins ("Mr. Watkins"), served his Complaint on the Defendants.

    2.    On May 14, 2002, Defendants removed this action to this Court because Mr. Watkins asserted claims under federal law.

    3.    On July 29, 2002, Mr. Watkins filed an Amended Complaint.

    4.    In his Amended Complaint, Mr. Watkins contended that the Defendants treated him differently or improperly because he is an

African American and asserted the following claims:

| Count I | Discrimination under 42 U.S.C. § 1981 |
|---|---|
| Count II | Intentional infliction of emotional distress |
| Count III | Negligent infliction of emotional distress |
| Count IV | Conspiracy to discriminate on the basis of race |
| Count V | Discrimination and Hostile Work Environment under 42 U.S.C. § 2000(e) ("Title VII") |
| Count VI | Retaliation under Title VII |

5. On August 12, 2002, the Defendants moved to dismiss Mr. Watkins' Amended Complaint in its entirety for failure to state claims upon which relief may be granted.

6. On November 26, 2002, the late, Honorable Charles R. Weiner granted Defendants' motion in part, dismissing Mr. Watkins' claims for intentional and negligent infliction of emotional distress, and dismissing certain claims against the individual Defendants. After that ruling, the following claims remained:

| Count | Claim | Defendants |
|---|---|---|
| I | Discrimination concerning alleged contractual relationship under Section 1981 | The Board<br>Mr. Jones *(official/individual)*<br>Mr. Bukata *(official/individual)* |
| IV | Conspiracy to discriminate on the basis of race | The Board<br>Mr. Jones *(official/individual)*<br>Mr. Bukata *(official/individual)* |

2

| Count | Claim | Defendants |
|---|---|---|
| V | Hostile Work Environment under Title VII | The Board<br>Mr. Jones *(official)*<br>Mr. Bukata *(official)* |
| VI | Retaliation under Title VII | The Board<br>Mr. Jones *(official)*<br>Mr. Bukata *(official)* |

7. On April 23, 2003, Defendants filed their Answer with Affirmative Defenses and Counterclaim.

8. On April 11, 2006, Defendants filed a Motion for Summary Judgment contending that this Court lacked jurisdiction over Mr. Watkins' claims based upon the terms contained in a prior agreement. On August 16, 2006, this Court denied Defendants' summary judgment motion.

9. On April 14, 2006, Mr. Watkins' moved to amend his complaint to assert claims under 42 U.S.C. § 1983.

10. On August 16, 2006, the Court granted Mr. Watkins' motion to amend his complaint.

11. The following claims remain:

| Count | Claim | Defendants |
|---|---|---|
| I | Discrimination concerning alleged contractual relationship under Section 1981 and 42 U.S.C. § 1983 | The Board<br>Mr. Jones *(official/individual)*<br>Mr. Bukata *(official/individual)* |
| IV | Conspiracy to discriminate on the basis of race | The Board<br>Mr. Jones *(official/individual)*<br>Mr. Bukata *(official/individual)* |

| Count | Claim | Defendants |
|---|---|---|
| V | Hostile Work Environment under Title VII | The Board<br>Mr. Jones *(official)*<br>Mr. Bukata *(official)* |
| VI | Retaliation under Title VII | The Board<br>Mr. Jones *(official)*<br>Mr. Bukata *(official)* |

12. Summary judgment dismissing Mr. Watkins' § 1983 claims against the Board, Mr. Jones, in his official capacity, and Mr. Bukata, in his official capacity, is appropriate as a matter of law.

13. Summary judgment dismissing Mr. Watkins' retaliation claim is appropriate because there is no genuine issue of material fact to dispute that there is no causal connection between Plaintiff's alleged protected conduct and his alleged adverse employment action.

14. Summary judgment dismissing Mr. Watkins' hostile work environment claim is appropriate because, as a matter of law, there was not a severe and pervasive hostile work environment.

15. Summary judgment dismissing Mr. Watkins' disparate treatment claim is appropriate because he has failed to produce any evidence that an adverse employment action was racially motivated, and he has offered no comparitor to establish a prima facie case.

16. Summary judgment dismissing Mr. Watkins' conspiracy claim against the Board, and Mr. Jones and Mr. Bukata in their official capacities, is appropriate because they are immune from suit under

the doctrine of sovereign immunity, and, as a matter of law, an agency cannot conspire with itself.

17. Summary judgment dismissing Mr. Watkins' conspiracy claims against Mr. Jones and Mr. Bukata in their individual capacities is appropriate because, as a matter of law, Mr. Watkins cannot sustain a conspiracy claim without sustaining the underlying discrimination or retaliation claims.

18. Summary Judgment dismissing all of Mr. Watkins' claims against the Board, and Mr. Jones and Mr. Bukata in their official capacities, is appropriate because those claims are barred by qualified immunity.

19. Summary judgment dismissing Mr. Watkins' claims for frontpay and backpay is appropriate because Mr. Watkins failed to mitigate his damages.

20. Summary judgment dismissing Mr. Watkins' claims for punitive damages against the Board and Mr. Jones and Mr. Bukata in their official capacities, is proper because as a matter of law, Plaintiff's claims for punitive damages cannot proceed against a governmental agency or its employees acting in their official capacity.

21. Summary judgment dismissing Mr. Watkins' claims for punitive damages against Mr. Jones and Mr. Bukata in their individual capacities is proper because Mr. Watkins has not produced any evidence of evil motive or intent.

WHEREFORE, Defendants respectfully request that this Court grant their Motion for Summary Judgment and dismiss Mr. Watkins' Amended Complaint with prejudice in its entirety.

                                    Respectfully submitted,

                                    MILLER, ALFANO & RASPANTI, P.C.

                                    By: _____
                                        GINO J. BENEDETTI, ESQUIRE
                                        LISA R. MARONE, ESQUIRE
                                        Attorney I.D. Nos. 59584, 200305
                                        1818 Market Street, Suite 3402
                                        Philadelphia, PA 19103
                                        (215) 972-6400

                                    Attorney for Defendants, Pennsylvania Board of Probation and Parole, Willie E. Jones and Michael Bukata

Dated: October 25, 2006