IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HENRY WATKINS** : | **NO: 02-CV-2881** |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **PENNSYLVANIA BOARD OF** : | |
| **PROBATION & PAROLE,** : | |
| **EDWARD JONES, and MICHAEL BUKATA** : | |
| : | |
| **Defendants.** : | |

## PLAINTIFF'S SUPPLEMENTAL PRETRIAL MEMORANDUM

This memorandum is submitted in light of recent developments in the case and agreements among counsel.

Plaintiff alleges that he was terminated as a result of illegal racial discrimination. The claims are brought pursuant to 42 U.S.C.§1981 and 1983. The parties will enter into a stipulation dismissing a claim under Title VII and the Civil Rights Act of 1964, 42 U.S.C.§2000.

Plaintiff's suit originally claimed in part that defendant retaliated against him because of his participation in a previous lawsuit. The aspect of the action was dismissed by the Court's partial grant of summary judgment dated August 16, 2006. Accordingly, the claims to be tried are now restricted to those arising from plaintiff's alleged discriminatory termination.

### I. JURISDICTION

This Court has jurisdiction pursuant to the existence of federal claims.

### II. NATURE OF CASE

Plaintiff alleges and intends to prove that his termination culminated a systematic attempt by defendants Jones and Bukata to undermine his performance, discipline him unfairly, and force

him from his position. Plaintiff will show that the proffered reason for his discipline and discharge were pretextual, and that similarly situated white supervisors whose performance were inferior to his were not terminated, and received disproportionately lighter discipline.

### III. PLAINTIFF'S SUPPLEMENTAL STATEMENT OF FACTS

The parties previously stipulated to 64 facts (Exhibit "A" attached to Defendants Amended Pretrial Memorandum). Plaintiff employed by the defendant Board for nearly thirty years, will show that the position he occupied was me fraught with opportunity for its Supervisor to engage in selective evaluations, subjective complaints about performance, and disparate discipline. In fact, during the time of defendants most voluminous complaints about plaintiff's performance, a report of Pennsylvania's Auditor General found that similar problems were rampant throughout the entire Probation and Parole Board, attributable largely to the inadequacies of the Board's upper management. Plaintiff will show that his performance was equal or superior to that of these white contemporaries occupying the same position, but were not terminated.

### IV. PLAINTIFF'S WITNESSES

Plaintiff intends to call the following witnesses:

1. Defendant Jones

2. Defendant Bukata

3. Audrey Starling
   Pennsylvania Board of Probation and Parole
   1101 S. Front Street
   Harrisburg, PA

4. Ronald Zappan
   126 Valley Road
   Churchville, PA

5.     Stuart Greenberg
   Pennsylvania Board of Probation and Parole
   1101 S. Front Street
   Harrisburg, PA

6.     Plaintiff

7.     Any witnesses identified by defendants.

## V. DAMAGE WITNESSES

1.     Plaintiff

2.     Maria Marcinko
   Pennsylvania Board of Probation and Parole
   (unless parties stipulate to amount of plaintiff's claimed wage loss).

## VI. PLAINTIFF'S EXHIBIT LIST

Attached

## VII. NUMBER OF DAYS FOR TRIAL

Four or Five days.

## VIII. LEGAL ISSUES

The only remaining controversy regarding defendants' motion in limine concerns plaintiff's intention to call Ronald Zappan as a witness. The parties have briefed this issue to the Court.

Defendant have moved to sever their "counterclaim," and have heard separately and in advance of the trial of plaintiff's claims. Plaintiff has appealed the motion.

Counsel will attempt to file joint proposal instructions and a verdict form before the close of that.

Respectfully submitted,

*/s/ Gerald J. Williams, Esquire*

>GERALD J. WILLIAMS, ESQUIRE
>Williams Cuker Berezofsky
>One Penn Center at Suburban Station Building
>1617 John F. Kennedy Boulevard, Suite 800
>Philadelphia, PA 19103-1819
>215.557.0099
>215.557.0673
>gwilliams@wcblegal.com
>
>
>Jordan B. Yeager, Esquire
>Boockvar & Yeager
>8 West Oakland Avenue
>Doylestown, PA 18901
>215.345.8581
>215.345.8280 (fax)
>jordanyeager@verizon.net
>
>Counsel for Plaintiff Henry Watkins

Dated: May 12, 2008

## CERTIFICATE OF SERVICE

I, GERALD J. WILLIAMS, hereby certify that on this date I served a true and correct copy of the foregoing Plaintiff's Supplemental Pretrial Memorandum via U.S. District Court's Electronic Filing System and by hand-delivery upon the following counsel of record:

>Gino J. Benedetti, Esquire
>Dilworth Paxson LLP
>1735 Market Street
>3200 Mellon Bank Center
>Philadelphia, PA 19107
>Counsel for Pennsylvania Board
>Of Probation and Parole

/s/ *Gerald J. Williams*
GERALD J. WILLIAMS

Date: May 12, 2008